BENJAMIN A. MASON *vs.* EDWARD A. GOODNOW and another.

June 4, 1889.

**Separate Mortgages on Distinct Lots in one Instrument — Default — Foreclosure — Notice of Sale.** — A "specific lien mortgage" upon several lots apportioned the sum secured among the several lots, specifying the amount for which each was liable, and providing that each lot was mortgaged for that sum, "and for no other sum whatever;" also that, in case of default to pay any of these sums, or in any of the conditions of the mortgage, "so far as it affected either of said lots," then the whole principal sum represented by such lot or lots might be declared due, and the mortgage foreclosed for the whole sum as to such lot or lots whereof there shall have been default, — "it being the intention that this mortgage shall be regarded, and is hereby made, a separate and distinct mortgage for each and every lot, * * * and that a default in the payment of either of the sums mentioned in said apportionment, * * * or interest or taxes, as herein set forth, shall render operative the power of sale only as far as it extends to the lot or lots whereon such default shall have been made." *Held,* that this constituted, in legal effect, a separate mortgage on each lot, to secure a separate and distinct sum, although for convenience all united in one instrument; that while, in case of default on several of the lots, the mortgagee may foreclose as to all the lots in default in one notice of sale, yet such notice must state the amount claimed to be due on each lot separately.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren, J.,* presiding, sustaining a demurrer to the complaint.

*Morrison, Flannery & Cooke,* for appellant.

*P. M. Woodman,* for respondents.

MITCHELL, J.  Action to set aside a foreclosure, under a power, of an instrument similar in form to that considered in *Hull* v. *King,* 38 Minn. 349, (37 N. W. Rep. 792.)  In that case the objection was to the mode of making the sale, while in the present it is to the notice. The total sum secured was $1,300, which was apportioned among the different lots, so that each one was "conveyed and mortgaged, respectively, for the specific sum set opposite to it in the following tabular description of the premises herein and hereby mortgaged, and for no other sum whatever."  Then follows the description of the several

lots, specifying the sum for which each lot, respectively, was mortgaged. The instrument also provided that, in case of the failure of the mortgagor to pay taxes, the mortgagee might pay them, and tack the same as an additional lien "on that lot hereinbefore described wherefor such failure occurred;" also that, in case of the default of the mortgagor to pay either of the several sums of money, or in any of the conditions in the mortgages contained, "so far as it affects either of said lots, then the whole principal sum represented by such lot or lots whereon default shall occur herein, according to the foregoing tabular description of said debt," shall, at the election of the mortgagee, become due and payable, and he be authorized to foreclose at once for the whole sum "as to such lot or lots hereinbefore described, wherefor there shall have been default, * * * and to sell said lot at public auction, agreeably to the statute," and out of the proceeds "to retain the principal and interest on the sum or sums so elected to be foreclosed for," together with costs, including attorney's fees for foreclosing "in each and every case," and pay the overplus to the mortgagor,—"it being the intention hereof that this mortgage shall be regarded, and is hereby made, a separate and distinct instrument and mortgage for each and every of the lots and parcels of land hereinbefore described, and that a default in the payment of either of the several sums mentioned in said apportionment and tabular arrangement, or interest or taxes, as herein set forth, shall render operative the power of sale herein contained only as far as it extends to the lots or parcels of land whereon such default shall have occurred." The mortgagee proceeded to foreclose upon two of the three lots included in the conveyance, and separately described in the tabular statement referred to, both in one notice of sale, which described the instrument as if a mortgage of the ordinary form on both lots, and stated the whole amount claimed to be due on the two in gross, but did not state the amount claimed to be due on each lot separately.

Two objections are made to this notice: (1) That, the instrument being separate and several mortgages on each lot, these cannot be united in one notice of sale; (2) that the notice of sale did not comply with the requirements of the statute, because it did not state the amount claimed to be due on each lot separately. The first objection

we do not think well taken. If there be default as to two or more of the lots mortgaged by an instrument of this kind, we can see no reason why the mortgagee may not proceed to foreclose in the same proceedings as to all lots that are in default, and include all in one notice, provided it contain as to each all the statements required by statute. Such a notice would accomplish all that the statute designed it for. It could prejudice no one—on the contrary, would be less expensive to the mortgagor than if separate proceedings were had, and a separate notice published as to each lot. But we think the second objection is well taken. As was said in *Hull* v. *King, supra,* the instrument is in legal effect a separate and distinct mortgage on each lot, to secure several separate and distinct sums of money. One lot is no more liable for the sums secured on the other lots than if mortgaged by a separate instrument. A default as to one creates no default as to the others. The statute requires that the notice of sale shall state, among other things, the amount claimed to be due thereon at the date of the notice, and what the statute requires must be substantially complied with. The purpose of this requirement is manifest. It is that the persons interested may know how much is claimed against their property, so that they may take action accordingly. It is not enough that it refers to the record, which may furnish the means of ascertaining the information. The notice must contain it. *Spencer* v. *Annon,* 4 Minn. 426, (542;) *Martin* v. *Baldwin,* 30 Minn. 537, (16 N. W. Rep. 449.) The very object of putting mortgage security in this form is to enable the different lots to be sold to different parties, subject only to their respective shares of the debt as apportioned in the conveyance. This notice gives a party no information whatever as to how much is due, or claimed to be due, on any particular lot, but merely states the amount claimed on the whole, as if all the lots were liable *in solido* for that amount. To hold such a notice good would in our judgment defeat the very purpose which the statute designed to accomplish. The suggestion of respondent that the sum named in the notice may be presumed to be the amount claimed to be due on each lot is without force. It is conclusively negatived by the contents of the mortgage and notice themselves.

Order reversed.