JACOB BARGE *vs.* MATHIAS KLAUSMAN.

January 8, 1890.

**Note for Gross Sum—Division of Debt by Mortgage of Several Lots for Specified Sums.**—Subsequent to the giving of a promissory note for $5,000, payable on or before five years after date, the maker executed to the payee a mortgage embracing several lots of land, to secure the payment of the note, but in which the incumbrance was apportioned so that specified sums—parts of the entire $5,000—were charged upon particular lots. *Held*, that the effect was to so divide the original debt that the several sums specified in the mortgage might be paid separately by the mortgagor or his assigns, within the time stated in the original note, so as to secure a discharge of such incumbrances.

Appeal by defendant from an order of the district court for Hennepin county, *Rea*, J., presiding, overruling his demurrer to the complaint.

*J. L. Parker*, for appellant.

*Benton, Plumley & Healy*, for respondent.

DICKINSON, J. . May 31, 1887, the plaintiff executed to the defendant his promissory note for $5,000, payable on or before five years from that date. In July, 1888, to secure the payment of this note, the plaintiff executed to the defendant a mortgage upon several lots of land, including the particular lot to which this action relates. This mortgage contained this provision: "It is mutually agreed, by and between the parties hereto, that this mortgage shall constitute and be a specific lien of two thousand dollars on [property particularly described;] and a specific lien of twenty-four and forty one-hundredths dollars on each of the other and remaining lots hereby conveyed." The lots last referred to included the lot in question. The plaintiff, having contracted to sell that lot, tendered to the defendant the amount thus imposed as a lien upon the same, and demanded a release of it from the lien of the mortgage; presenting to the defendant, to be executed by him, a certificate of such release or discharge. The defendant refused the money tendered, and refused to release this lot from the lien of the mortgage. This action is prosecuted to compel such discharge. The defendant demurred to the complaint, which set forth the facts above stated. This is an appeal from an order overruling the demurrer.

The plaintiff was entitled to the discharge which the defendant refused to execute. It is true that by the terms of the note, as it was given, the defendant was under no obligation to receive payment in sums less than the entire sum named, $5,000. That was payable, at the option of the maker, at any time during the five years following the giving of the note. But, by the further agreement of the parties, expressed in the subsequently executed mortgage, specific provision was made, by the charge imposed on this lot, to secure the payment of that sum of $24.41, which was a part of the prior indebtedness of $5,000. This sum was payable *some time*. When did the right or duty of payment mature, so that the mortgagor or his assigns might discharge that obligation, and relieve the lot from its incumbrance? The claim of the defendant is that this sum could never be paid by itself, and the security be thus discharged; that it could

only be paid when all the other distinct sums, for the payment of which separate lands were mortgaged, should be paid or tendered simultaneously. This is contrary to the most natural and obvious interpretation of the instrument. It would disable any one of the many persons to whom these separate tracts of land might be transferred, by purchase or by inheritance, during a period of several years, to pay the debt for which the same are incumbered, and to discharge the incumbrance, unless all the others should come forward at the very same time, and pay their proper proportions of the entire sum of $5,000; and this disability would not cease with the expiration of the five years, but would continue forever. The defendant's refusal rests, not upon any claim that the tender was not made in proper time, but upon the fact that *all* of the several sums specified in the mortgage were not tendered at once. We think that it is reasonably apparent that the intention of the parties was directly contrary to the contention of the defendant. The allegations of the complaint justify the inference that the mortgage contained no statement of the time when these several sums, into which for the purposes of this security the original debt was divided, should be payable; and, in the absence of any provision upon the subject, since the mortgage was given as security (in the manner provided) for the debt, which by its terms was payable on or before five years from May 31, 1887, the time of payment of these separate sums must be regarded as remaining unchanged by the new agreement. They were payable, then, on or before five years from May 31, 1887. The effect of the agreement embraced in the mortgage was to leave the time of payment unchanged, but to divide the debt into the several sums named in the mortgage, and to charge specified and distinct lots as security for the payment of such sums, respectively. It would seem that the parties must have contemplated a corresponding right on the part of the mortgagor and his assigns to pay any one of the specified sums, and to relieve their lands from the charge.

Order affirmed.