ROSWELL P. RUSSELL, JR., *vs.* H. C. AKELEY LUMBER COMPANY.

February 13, 1891.

**Defective Foreclosure by Advertisement — Rights of Purchaser in Possession.**—If a purchaser at a defective foreclosure sale, or his assigns, goes into possession of the mortgaged premises, with assent of the mortgagor or his successors in interest, under the right supposed to have been acquired under the foreclosure sale, he will be deemed a mortgagee in possession; and, if he remain in possession until the right of redemption by the mortgagor is barred, he becomes vested with the title to the premises. Following *Rogers* v. *Benton*, 39 Minn. 39.

**Same—Ejectment by Mortgagor — Limitation — Laws 1883, c. 112.**— A foreclosure by advertisement in 1858 was defective and invalid, by reason of an insufficient publication of the notice of sale. The purchaser at the sale, or his assign, went into possession of the mortgaged premises in 1883, and has ever since continued in possession. *Held* that, in an action of ejectment by one claiming under the mortgagor by conveyance subsequent to the mortgage, the right to recover because of the defective publication of the notice of sale is barred by Laws 1883, *c.* 112.

**Same—Act held Valid.**—This act is valid, at least as applied to cases where the purchaser at the mortgage sale has gone into possession under the sale.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*Gilger & Harrison,* for appellant.

*Ripley, Brennan & Booth,* for respondent.

MITCHELL, J.[1] This was an action of ejectment, commenced in September, 1889. Both parties claim title from the same source, viz., D. B. Sutton and Rush Pratt, former owners. The defendant derives its title through the foreclosure by advertisement of a mortgage executed by Sutton & Pratt to Jared S. and Daniel M. Demmon, February 9, 1857, to secure three notes payable in 1 year, 18 months, and 2 years, respectively, from the date of the mortgage. It is conceded that the plaintiff has acquired, by various mesne conveyances, all the interest which Sutton & Pratt had in the land after the execution of the mortgage to the Demmons. It is also conceded that defendant has acquired by diverse conveyances all the interest of the purchasers at the foreclosure sale under that mortgage. The defendant sets up title under this foreclosure; also by 20 years' adverse possession; also as mortgagee in possession. The real ground of plaintiff's claim is the alleged invalidity of the foreclosure sale. To this defendant interposes the limitation prescribed by Laws 1883, *c.* 112, to wit, that the action was not brought within five years from the date of the sale. The history of the Demmon mortgage and of its foreclosure is as follows: In December, 1857, the Demmons assigned to R. P. Upton and James Pratt, by an instrument which fully described the mortgage, giving its date, the date and place of record, and the names of the mortgagors and mortgagees; and in January, 1858, Upton assigned his interest in it to William Townsend, by an instrument apparently annexed to or indorsed upon the previous assignment, and the two assignments were recorded together in the same book and page, and under one entry of the date of filing, by the register of deeds. This assignment from Upton to Townsend did not describe the mortgage or the previous assignment, its language being that he (Upton) assigned "all his right, title, and interest in and to the within instrument of assignment, and the contract therein set forth, and in and to the mortgaged premises, debts, and notes therein mentioned." It is objected that the record of this assignment was not sufficient to authorize the assignee to foreclose by advertisement; but this point is more than covered

---

[1] Vanderburgh, J., took no part in this case.

by the case of *Carli* v. *Taylor*, 15 Minn. 131, (171.) Pratt and Townsend, as assignees, then proceeded to foreclose by advertisement, and sold the premises March 25, 1858, they themselves being the purchasers, and obtaining from the sheriff who made the sale a certificate in due form according to the statute then in force, (Rev. St. 1851, *c*. 85, § 10;) and in May, 1859, after the expiration of the time of redemption, they obtained a sheriff's deed, which was recorded in August, 1859.

In the notice of sale there was an inaccuracy as to the date when the mortgage was recorded, but the most serious objection to this foreclosure sale is that the notice, although published six times, was not published for six weeks before the date of sale, the first publication being made February 20th, and the sale being March 25th. This defect, if seasonably urged, would doubtless have been fatal to the sale, but the court finds true the allegations of the answer that, after the expiration of the time for redemption, the purchasers at the foreclosure sale, under and pursuant to said foreclosure, peaceably, and with the consent of the mortgagors, entered into possession of the premises, and that they and their heirs and assigns have ever since remained continuously in the undisturbed possession thereof; but he finds that this possession covered only 18 years before the commencement of this action, to wit, since September, 1871. If this finding is supported by the evidence, then, under the doctrine of *Rogers* v. *Benton*, 39 Minn. 39, (38 N. W. Rep. 765,) defendant has a perfect title as "a mortgagee in possession," who has remained in possession until the mortgagor's right of redemption has been barred. Indeed, it is not necessary in order to establish title on this ground that the possession should have continued as long as found by the court; for, assuming that the entry must have been made during the life of the mortgage, yet, an attempt having been made to foreclose, the right to reforeclose continued until October 1, 1873. Laws 1873, *c*. 51. We are of opinion that the evidence is sufficient to support a finding that the purchasers at the foreclosure sale, or their successors, entered and took possession as early as the date last named. That this entry was with the consent of the mortgagors, or their successors in interest, may be implied from

the circumstances; such as the long lapse of time during which they have never exercised any acts of ownership over the premises, or paid any taxes on them, or asserted any claim to them, until the commencement of this action in 1889. *Rogers* v. *Benton, supra; Jellison* v. *Halloran,* 44 Minn. 199, (46 N. W. Rep. 332.)

But, if we are wrong in this, there is another ground upon which the decision of the trial court must be sustained. There can be no question upon the evidence but that the defendant and its grantees have been in possession at least since 1882, or the early part of 1883, and are in possession still under the title acquired under their fore-closure. Plaintiff's right to recover the possession can only be sustained by holding that the foreclosure was invalid. Chapter 112, Laws 1883, provides that "no such sale shall be held invalid or set aside by reason of any defect in the notice thereof, or in the publication or posting of such notice, * * * unless the action in which the validity of such sale shall be called in question be commenced * * * within five years after the date of such sale." The claim of counsel that this act only applies to cases where there has been a publication for the full period of six weeks, where no statute is needed, is altogether untenable. It was doubtless designed for just such cases as this and others similar to it. The power of the legislature to pass such a statute is beyond question, provided only that they give a reasonable time after its enactment in which to bring suits as to previous foreclosures. This act was passed March 1st, and by its terms did not take effect until September 1st. What is a reasonable time is generally a matter for legislative, and not judicial, determination; and it certainly cannot be held as a matter of law that in this case six months was not a reasonable time. Counsel assumes that the time that elapsed before the publication of the act should be excluded, and also assumes from the certificate of the secretary of state affixed to the General Laws of 1883 that the act was not published until July 6th. We cannot accede to either assumption. The act was a public law from the date of its enactment, although by its terms it was not to take immediate effect; and all persons were bound from the date of its approval to take notice of its existence and terms. But, even if the date of the pub-

lication of the act was material, it will be presumed, in the absence of proof to the contrary, that all laws were published in the newspapers within 40 days after the close of the session of the legislature, (March 7th,) as required by Gen. St. 1878, *c.* 5, §§ 42, 43. Such publication would be sufficient. *Stine* v. *Bennett,* 13 Minn. 138, (153.) Whatever objection there might be, under the doctrine of *Baker* v. *Kelley,* 11 Minn. 358, (480,) to this statute as applied to cases where the mortgagor remains in possession, it is not open to any such objection in cases like the present, when the purchasers at the mortgage sale are in peaceable possession under the foreclosure title. Neither is plaintiff's right of action saved by the proviso of the act in favor of infants, for the youngest child of Sutton came of age March 25, 1883.

It is also urged that Sutton's wife did not join in the mortgage to the Demmons, and therefore her dower was not barred, and consequently plaintiff, as her grantee, is entitled to the possession of an undivided third of the premises. It is sufficient for the purposes of this action to say that her dower, if she has any, has never been assigned to her, and that until assigned it gave her no right of entry or possession of the land upon which her right attached; and of course her assignee occupies at least no better position than she did.

Order affirmed.