## WILLIAM MARCOTTE and others *vs.* FERDINAND W. HARTMAN and another.

### May 12, 1891.

**Mortgage—Action to Set Aside Foreclosure under Power—Diligence Requisite.**—Under Laws 1883, c. 112, an action to set aside a foreclosure sale made under a power must be brought in all cases with reasonable diligence, and not later than five years. What may be determined to be reasonable diligence must depend largely upon the circumstances of each case.

**Same—Notice of Defects.**—But notice which is fairly sufficient to put a person upon inquiry is sufficient to create the obligation of subsequent diligence.

**Same—Knowledge of Fact of Foreclosure.**—Knowledge of the fact that a mortgage had been foreclosed under a power, *held* sufficient to put the mortgagor upon inquiry as to the regularity of the proceedings in execution of the power, and such inquiry will become a duty if he desires to question the same within the statutory period.

Appeal by defendants from a judgment of the district court for Carlton county, where the action (brought to set aside a foreclosure by advertisement) was tried by *Stearns,* J.

*H. Oldenburg* and *Wm. W. Billson,* for appellants.

*Cash & Williams,* for respondents.

VANDERBURGH, J.    The act of March 1,1883, (Laws 1883, *c.* 112,) must be read in connection with the statutory provisions for the foreclosure of mortgages by advertisement.    The act provides that "no such sale shall be held invalid or set aside by reason of any defect in the notice thereof, or in the publication or posting of such notice, or in the proceedings of the officer making such sale, unless the action in which the validity of such sale shall be called in question be commenced, or the defence alleging its invalidity be interposed, within five years after the date of such sale:    *    *    *    *    *provided,* that such actions shall be commenced with reasonable diligence in all cases."    It follows that actions to set aside a foreclosure for the defects or irregularities of the class specified must be brought with reasonable diligence in all cases, and in no case later than five years after the sale.    Hence a party may lose his right to such relief by his laches in a less time than five years.    The action is an equitable one, and must proceed upon equitable principles.    It is obvious that the question of the plaintiffs' laches is necessarily a material one, and, strictly, the complaint ought to disclose facts explaining delays which would, unexplained, appear to be unreasonable.    *Badger* v. *Badger,* 2 Wall. 87; *Humphrey* v. *Carpenter,* 39 Minn. 115, (39 N. W. Rep. 67.)

This action was brought to set aside a foreclosure sale made nearly five years before it was instituted, on the ground of a defect in the published notice in failing to state the name of the mortgagor correctly.    The question of laches was not raised on the pleadings at the trial, and will be determined here upon the finding of the court on the subject, which is as follows: "The said Leander Marcotte [mortgagor] was informed of said foreclosure proceedings shortly after the foreclosure sale, but there is no evidence to show that either the said Leander Marcotte in his lifetime, or these plaintiffs before the commencement of this action, knew of the defect in the notice of foreclosure sale."    The answer alleged that the mortgagor knew of the sale and proceedings at the time.    The mortgage in question was dated February 19, 1883, and fell due August 19, 1883, and the foreclosure sale occurred September 7, 1885.    The mortgagor died January 25, 1890, upwards of four years and four months after the

sale, and this action was brought by the plaintiffs, his heirs, on or about the 1st day of September, 1890. The court below held that the mortgagor was entitled to "a reasonable time after actual *knowledge* of the *defect*" within which to bring his action, not exceeding five years, and that knowledge of the fact of the foreclosure was not sufficient. That is to say, his attention must have been directed to the defect complained of before laches could be imputed to him.

It is undoubtedly an essential element of laches that the party charged with it should have knowledge, or have failed or omitted to obtain it where it is obtainable, after notice, or that there should have been circumstances that should have induced an inquiry,—an effort to obtain knowledge. Whatever is notice enough to excite attention, and put a party upon his guard, and call for inquiry, is notice of everything to which such inquiry might have led. *Jewell* v. *Truhn*, 38 Minn. 433, (38 N. W. Rep. 106.) The circumstances in any particular case may be such as to explain or excuse the delay, or the facts may show that inquiry was prevented or ineffectual. 2 Pom. Eq. Jur. 23, and note. And the question of reasonable diligence must necessarily be one largely in the discretion of the trial court to determine upon a full consideration of the evidence, and each case involving the question of delay or lapse of time must to a great extent depend upon its own circumstances. But the decision in this case does not rest upon any such finding or evidence. The court simply states that the evidence does not show when the plaintiffs or their intestate learned of the *defect* in the foreclosure. Assuming then, as we must, that the decision was based solely upon the proposition that notice of the foreclosure was not presumptively sufficient to put the mortgagor upon inquiry, we think it was erroneous. The sale was not absolutely void, but was voidable, if the action to set it aside was brought with reasonable diligence. The mortgagor was chargeable with notice of the statute, and had early notice of the foreclosure. We may presume that he had at all times the means of knowledge whether the power had been properly executed by a sale pursuant to a strictly legal notice. There was presumptively upon this record sufficient to put a reasonable man upon inquiry, and such inquiry became a duty if he had any desire to take advantage of this

statute. *Learned* v. *Foster*, 117 Mass. 365. The language of the court in *Depew* v. *Dewey*, 46 How. Pr. 441, 447, is appropriate to this case: "The proceeding is one of an equitable nature, and the right to maintain it, therefore, is controlled by equitable considerations. Accordingly, full and complete notice cannot be required before the duty to act arises. The notice which is fairly sufficient to put a person upon inquiry is sufficient to create the obligation of subsequent diligence. * * * If she [the plaintiff] had desired to know any more about them, [the proceedings,] it then became her duty to make the inquiry." We think the rule adopted by the trial court was wrong, and that evidence of knowledge of the foreclosure is sufficient to put the mortgagor upon inquiry, and therefore equivalent to notice of the defect complained of, in the absence of further evidence explaining or negativing its operation as such.

Judgment reversed, and new trial ordered.