BALTHAS P. BITZER *vs.* EMILY P. CAMPBELL.

September 15, 1891.

Separate Mortgages on Distinct Lots in one Instrument — Foreclosure — Requisites of Notice of Sale.— The mortgage, the foreclosure of which by advertisement was herein involved, cannot be distinguished from those considered in *Hull* v. *King*, 38 Minn. 349, and *Mason* v. *Goodnow*, 41 Minn. 9, being in effect a separate and distinct mortgage upon each of 25 town lots. The notice of foreclosure proceeded against the lot in question and four others, as in default, and the amount claimed to be due and unpaid on the debt was stated in a gross sum; and the amount paid by the mortgagee as taxes upon the five lots was also stated in gross. *Held,* that a sale under such a notice was unauthorized and invalid, without regard to the manner of sale, or the fact that each lot may have been sold separately, and for the exact amount due upon it.

Same—Defect Cured by Laws 1883, c. 112.—The defect above referred to in the notice of sale—the omission or failure to state the amount due upon each of the lots proceeded against and to state the amount of taxes paid on each of the lots—is within the provisions of Laws 1883, c. 112, § 1.

Refusal to Allow Amendment of Answer.—Upon an examination of appellant's assignments of error in respect to a refusal of the trial court to allow an amended answer to be further amended, and in regard to the sufficiency of the testimony to support certain findings of fact, it is *held* that no error was committed by the court.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Lochren*, J., and judgment ordered for plaintiff.

*A. E. Helmick*, for appellant.

*Selden Bacon* and *McNeir & Barnes*, for respondent.

Collins, J. This was originally an action to determine an adverse claim to real property in plaintiff's possession, he alleging ownership of the same. By an amended answer defendant asserted that she was the owner of the premises, had been in possession in the years 1878 and 1879, and had ever since, of right, been entitled to the possession. She demanded that plaintiff specifically set forth his title, and this was done, in a reply, as having been derived through the foreclosure of a mortgage in the year 1878 under a power of sale therein contained. The reply further alleged that upon the expiration of the period of redemption in 1879 the defendant surrendered and abandoned possession of the premises, and that open, continued, and actual possession of the same from that time on to the present had, first, been in the purchaser at the sale, then in its grantee, one Foss, and thereafter in the plaintiff, who purchased of Foss. There was also an allegation as to the making of valuable improvements by said plaintiff.

1. The court below did not abuse its discretion when it refused to allow the defendant, upon the trial, to amend her answer a second time, and by striking out an allegation in reference to her right to the possession of the premises, and in other respects. The appellant's contention is that these amendments, if allowed, would have freed her "from the constant imputation that she was adverse to doing equity," and hence it was an abuse of discretion to deny the motion to amend. There were several reasons why the court did not misuse its discretionary powers, but nothing more need be said than that we are unable to discover how the defendant would have been relieved of the charge mentioned, (which seems to have been obnoxious to her,) if it was really ascribed, by means of the proposed amendments to her answer.

2. The mortgage in question cannot be distinguished from those considered in *Hull* v. *King*, 38 Minn. 349, (37 N. W. Rep. 792,) and

*Mason* v. *Goodnow*, 41 Minn. 9, (42 N. W. Rep. 482.) In effect it was a separate and distinct mortgage on each lot. Twenty-five lots were mortgaged, each for a specified sum of money; and the whole tenor of the instrument clearly indicates that each lot was as separately and distinctly mortgaged as if there had been twenty-five mortgages instead of one. A foreclosure as to two or more of the mortgaged lots, in default, could be had with one notice and in the same proceeding, provided the notice contained as to each lot in default all the statutory requirements, and all other steps were regularly taken. The published notice of sale in the case at bar included and proceeded against, as in default, the lot in controversy and four others. It was therein stated that "there is claimed to be due and is actually due as interest on the principal amount secured by the lots of land hereinafter particularly described at the date of this notice the sum of three hundred and three dollars and thirteen cents ($303.13,) and $74.70 paid for taxes as aforesaid, with ten per cent. interest from the date of the notice on each amount. This foreclosure is simply for the interest due on the purchase price of the particular lots hereinafter described and said taxes." No other reference was made to the amount deemed to be due, and it was further stated in the notice "that the above described mortgaged premises will be sold to satisfy the amount due on said mortgage respecting said lots of land as hereinafter described." It is claimed by the appellant that this was a statement in gross of the amount due on all of the parcels described in the notice of sale, and of this there can be no doubt. There was no pretence or attempt at stating the amount claimed to be due on each of the lots in default, or of the amount of taxes which had been paid on each, as there should have been. Indeed, these amounts could not have been ascertained from the notice by computation without first assuming that each of the lots had been mortgaged for the same amount,—not the fact,—and also that the same amount for taxes had been paid on each. This notice gave no information whatever as to how much was claimed to be due on any particular lot, but simply stated a gross sum, for which either or all of the five lots might have been sold, had the notice been valid. In this respect and on this point the case is covered by

that of *Mason* v. *Goodnow, supra.* The sale under such a defective notice was unauthorized and invalid, without regard to the manner of the sale, or the fact that each lot may have been sold separately, and for the exact amount due upon it.

3. The court below found as a fact that the premises were unoccupied and vacant at the time of the foreclosure, and there was evidence in support of this finding. This disposes of appellant's fourth assignment of error, and her claim that the sale was absolutely void because notice of the proceeding was not served upon the occupant, as required by law.

4. The court also found that on the 10th of September, 1880, on which day Foss bought from the purchaser at the sale, he entered into open, notorious, and actual possession of the premises, claiming and believing himself to be the owner by virtue of the foreclosure and a subsequent conveyance to him in good faith, and that his possession and that of the plaintiff, who bought from Foss in good faith in the year 1887, and who had also entered upon the lot believing himself the owner, had been continuous and uninterrupted from the day of entry. It also found that the defendant purchased the premises in the year 1876, subject to the mortgage in question, assuming and agreeing to pay that part made a specific lien on her lot; and also that in the month of September, 1880, she abandoned possession to Foss, as the grantee of the purchaser at the sale, and then assented to his entry upon the lot; and from that time to the commencement of this action, in February, 1890, had acquiesced in and consented to the possession held by Foss and his grantee, the plaintiff. Some of these findings are attacked by the assignments of error, others are not; but all were justified by the testimony, and sustain the conclusion of law that plaintiff was entitled to the rights of a mortgagee in possession. He was an equitable assignee of the mortgagee. See *Jellison* v. *Halloran*, 44 Minn. 199, (46 N. W. Rep. 332;) *Russell* v. *H. C. Akeley Lumber Co.*, 45 Minn. 376, (48 N. W. Rep. 3,) and cases cited. The defendant tendered an issue in her answer as to plaintiff's right of possession, and this issue seems to have been litigated by the parties, without objection.

5. The sole remaining question which need be adverted to is the conclusion of law that the defect in the notice of sale was within the provisions of Laws 1883, c. 112, § 1.    That act, if construed literally, covers *any* defect in the notice.    Here a gross sum was stated as the amount claimed to be due on the five lots in default, and a gross sum as the amount of taxes paid.    At most this was nothing more than an overcharge or overstatement, a claim for more than was actually owing on each of the lots.    The notice omitted to distinctly state the amount claimed to be due on each separately mortgaged tract of land, or the sum paid as taxes on each.    There was a want or absence of that which was essential to the perfection or completion of the notice.    This was clearly one of the defects contemplated by and included in the statute of 1883.

The remaining points made by the counsel in reference to this statute have been determined adversely to his views by this court. See *Burke* v. *Lacock*, 41 Minn. 250, (42 N. W. Rep. 1016;) *Russell* v. *H. C. Akeley Lumber Co., supra; Marcotte* v. *Hartman,* 46 Minn. 202, (48 N. W. Rep. 767.)

Order affirmed.