E. A. CHILD *vs.* WESLEY J. MORGAN *et al.*

(Argued July 6, 1892.   Decided Oct. 5, 1892.)

**Foreclosure of Mortgage—Separate Liens in One Instrument.**

A mortgage covering three lots of land was given to secure the payment of a note of $700. The condition of defeasance was that the mortgagor should pay that sum, "said $700 to be a specific lien of $233.33 on each of the above-described lots, releasable at any time by the payment of said amount of $233.33, together with accrued interest. * * *" *Held*, that this was in effect a separate mortgage of $233.33 upon each lot separately; hence a notice of foreclosure sale, under the power, stating only the amount of the entire debt claimed to be due, as though the mortgage had been for the entire debt without apportionment, was invalid; a sale of the three lots together for a gross sum was also invalid, and the foreclosure was ineffectual.

**Action to Determine Adverse Claim—Possession.**

One in possession of real estate may maintain an action to determine adverse claims (under the statute) without showing title in himself.

**Findings without Judgment not Evidence in Another Action.**

The findings of the court as to the facts of a case upon which no judgment has been entered (although judgment was directed to be entered) do not constitute evidence in another action of the facts so found.

Appeal by plaintiff, E. A. Child, from a judgment of the District Court of Hennepin County, *Pond, J.*, entered March 7, 1892, dismissing the action and for $15.78 costs.

This action was brought by the plaintiff, E. A. Child, against the defendants, Wesley J. Morgan, John Maureau, Henry Paulson, Martin M. Pulver, Edward F. Pulver, and others, to determine adverse claims under the statute to lots twenty-three (23) and twenty-four, (24,) block fifteen, (15,) in Motor Line Addition to Minneapolis. Plaintiff was in possession of the property, and claimed the legal title under the foreclosure of the mortgage described in the opinion. The mortgage was made July 31, 1886, and the foreclosure sale to plaintiff, March 3, 1890. The defendants were all mechanic's lien claimants, having in 1889 performed work and furnished material in the erection of buildings upon the lots under a contract with M. O. Little, who then owned them. The court below found that the foreclosure was void, and that the defendants had valid liens on the property. Judgment was entered, and plaintiff appeals.

*S. R. Child*, for appellant.

The mortgage foreclosure was valid. The mortgage secured one note, one sum. There is nothing in the mortgage that shows that it was the intention of the parties to make a separate mortgage on each of the three lots. The case is different from *Hull* v. *King*, 38 Minn. 349.

The lots having been first offered separately at the sale, and no bidders found, the sheriff was justified in then selling in one parcel. *Lamb* v. *McConkey*, 76 Iowa, 47; *Bozarth* v. *Largent*, 128 Ill. 95. The defendants must show that they were prejudiced by the sale. *Abbott* v. *Peck*, 35 Minn. 499; *Dutton* v. *McReynolds*, 31 Minn. 66.

The defendants did not establish liens against the property. *Price* v. *Doyle*, 34 Minn. 400; *Corser* v. *Kindred*, 40 Minn. 467; *Burbank*

v. *Wright*, 44 Minn. 544. The findings in the previous action to enforce the liens were not admissible in evidence in this action.

*J. M. Dunn* and *M. H. Sessions*, for respondents.

The foreclosure was void. *Hull* v. *King*, 38 Minn. 349; *Mason* v. *Goodnow*, 41 Minn. 9; *Bitzer* v. *Campbell*, 47 Minn. 221; *Vawter* v. *Crafts*, 41 Minn. 14; *Barge* v. *Klausman*, 42 Minn. 281.

The findings and order for judgment in the lien case had the force and effect of a judgment, and were admissible in evidence. Freeman, Judg. § 39; *Lynch* v. *Rome Gas Light Co.*, 42 Barb. 591; *McNevin* v. *McNevin*, 63 Cal. 186; *Myers* v. *Manny*, 63 Ill. 211; *Furlong* v. *Griffin*, 3 Minn. 207, (Gil. 138;) *Williams* v. *McGrade*, 13 Minn. 46, (Gil. 39;) *Thompson* v. *Bickford*, 19 Minn. 17, (Gil. 1.)

Plaintiff can predicate nothing upon possession in this case, as his rights are controlled by the particular title alleged in the complaint. *Pinney* v. *Fridley*, 9 Minn. 34, (Gil. 23;) *Jellison* v. *Halloran*, 40 Minn. 485; *First Nat. Bank* v. *St. Croix Boom Corp.*, 41 Minn. 141.

DICKINSON, J. The principal question to be decided is as to the validity of an attempted statutory foreclosure of a mortgage, through which the plaintiff claims to have acquired title to the land in controversy, which consists of lots twenty-three (23) and twenty-four (24) in block (15) in Motor Line addition to Minneapolis. Little, who owned the land in 1886, executed the mortgage to Hill, embracing as the premises mortgaged these two lots, with a third lot, numbered twenty-two (22.) The mortgage was in the usual form of such instruments, save as to the terms of the condition of defeasance. This condition was that the mortgagor should pay "the sum of $700, said $700 to be a specific lien of $233.33 on each of the above-described lots, releasable at any time by the payment of said amount of $233.33, together with accrued interest, * * * according to the conditions of one certain promissory note executed by M. O. Little, bearing even date herewith." The power of sale was in the usual form, authorizing the sale of "the hereby granted premises" if default should be made in the payment of "said sum of money, or the interest, or any part thereof."

In 1890 the mortgagee, Hill, proceeded to foreclose the mortgage by advertisement. In the notice of sale the sum of $752.70 was claimed as the amount due on the mortgage, the notice being evidently prepared on the theory that the mortgage constituted an entire and unapportioned lien for the whole debt upon all the lots, there being in the notice no reference to any division or apportionment of that sum with respect to the several lots. At the sale in March, 1890, each of the lots was first offered separately. There being no bids, they were then offered and sold together, the mortgagee being the purchaser, for the gross sum of $812.62. He sold and assigned the rights thus acquired to one Davis, and the latter, after the expiration of the time for redemption, no redemption having been made, sold and conveyed the two lots here in question (23 and 24) to the plaintiff.

What was the import and effect of the clause embraced in the condition of the mortgage, making the debt of $700 "a specific lien of $233.33 on each of the above-described lots?" This must be supposed to have been considerately placed in the instrument, with the intention that it should have some real effect, and in accordance with the natural import of the language used. We consider, as did the district court, that this must be construed as an *apportionment* of the whole debt named, so as to charge one third of it separately upon each lot. That this was a dividing up of the whole debt for *some* purpose connected with the creation of the mortgage lien cannot be doubted. What that purpose was is declared in terms of certain and definite import, "said *$700* to be a *specific lien* of *$233.33* on *each* of the above-described lots." It would be inconsistent with this to construe the mortgage as constituting a general and unapportioned lien for the whole debt named on all the property as an entirety. The very purpose of the mortgage was to create and define the lien to be imposed on the property, and the conclusion seems to be unavoidable that this particular, specific provision was intended to have the effect above indicated, thus qualifying what would, without this clause, have been the effect of the more general terms of the instrument. The clause recited cannot have been intended merely as an agreement by the mortgagee to release individual lots from the general

lien of the mortgage upon payment of the sums specified. The plain import of the language extends its meaning beyond that, and makes the charge for one third of the debt a *specific lien* on each lot. This construction is not inconsistent with, nor opposed by, the general terms, in which the power of sale is expressed. That is to be construed in connection with the former provisions of the mortgage defining the nature and extent of the lien thereby created. The power is as consistently applicable if the debt be regarded as divided, and a lien to secure one third of the same imposed on each lot, as it would be if the lien be regarded as entire and unapportioned.

The mortgage, then, created a separate, distinct lien upon each lot to secure the payment of one third of the debt, and the proceedings to effect a foreclosure under the power should have been such as the mortgage, so construed, required. The notice of sale, not stating the amount claimed to be due on the mortgage, as respected each lot separately, was fatally defective, and the sale of the three lots together was also unauthorized, and for both reasons the foreclosure was void. *Hull* v. *King*, 38 Minn. 349, (37 N. W. Rep. 792;) *Mason* v. *Goodnow*, 41 Minn. 9, (42 N. W. Rep. 482;) *Bitzer* v. *Campbell*, 47 Minn. 221, (49 N. W. Rep. 691;) *Barge* v. *Klausman*, 42 Minn. 281, (44 N. W. Rep. 69.) The mortgage liens being, in legal effect, separate liens upon the several lots, the fact that no bids were received on the offer of the lots for sale separately did not afford any legal reason for nor justify selling them together.

The court, finding the mortgage foreclosure invalid, although it was found that the plaintiff was in possession of lot twenty-four, (24,) directed a judgment denying any relief to the plaintiff, and dismissing the action. But the plaintiff's possession of lot twenty-four (24) was enough to enable him to maintain this action under the statute to determine adverse claims as to that lot, even though he failed to show title thereto as alleged. *Barber* v. *Evans*, 27 Minn. 92, (6 N. W. Rep. 445;) *Herrick* v. *Churchill*, 35 Minn. 318, 319, (29 N. W. Rep. 129.) All of the defendants claim mechanics' liens on that lot; some of them also claiming liens on lot twenty-three, (23.) Hence the failure to show title through the mortgage foreclosure did not justify the judgment denying relief, as against the

claims of the defendants, if such claims were not well founded. This brings us to a consideration of the lien claims of the defendants.

The evidence on the part of the defendants was insufficient to establish the liens asserted by them. This evidence consisted only of the pleadings in a former action, and the findings of the court on the trial thereof, embracing the order of the court for the entry of judgment in accordance with the conclusions of law expressed. That was an action prosecuted by this defendant Morgan against some or all of these defendants, with others, to foreclose mechanics' liens on this property. The findings of the court, thus introduced in evidence in this action, set forth the facts showing the existence of such liens, and as legal conclusions therefrom it was declared that the several lienors named were entitled to a judgment as therein specified, and it ordered that a judgment be entered accordingly. No judgment appears, however, to have been in fact entered. The findings of the court and order for judgment did not constitute a judgment, and were not intended as such. They did not finally determine, as a judgment does, the matters in issue. The entry of a formal judgment, which should constitute a final adjudication, was contemplated and directed; but no such judgment was entered. These findings were as inconclusive as a verdict of a jury, which, without judgment thereon, has not the effect of an adjudication, *Schurmeier* v. *Johnson*, 10 Minn. 319, (Gil. 250,) and is not admissible in evidence, *Pitton* v. *Walter*, 1 Strange, 162; and so of a report of a master in chancery, *Nash* v. *Hunt*, 116 Mass. 237. Judgment would not necessarily be entered on the findings and order, any more than on a verdict of a jury. A new trial might be awarded, and no judgment ever be entered. Under our statute appeals will lie from judgments, and from orders involving the merits of the action, but, as has been often held, such findings of a court and orders for judgment are not appealable, either as judgments or as orders involving or determining the merits of the action. *Von Glahn* v. *Sommer*, 11 Minn. 203, (Gil. 132;) *Ryan* v. *Kranz*, 25 Minn. 362, and cases cited; *Shepard* v. *Pettit*, 30 Minn. 119, (14 N. W. Rep. 511.) Since the findings and order did not constitute an *adjudication* in favor of the

lien claimants, they were not competent as evidence in this action to prove the liens asserted by them. *Auld* v. *Smith,* 23 Kan. 65. This was not, of course, primary evidence of the furnishing of materials or labor,—of the facts from which liens arise,—and, if not an adjudication of such facts between the parties hereto, (or privies,) we know of no rule of evidence which would permit proof of such facts to be made by presenting the inconclusive findings of the court in another cause. It may be added that, even if judgment had been entered in the former action, it would not have been effectual as to the mortgagee Hill, or those succeeding to his rights, and who were not parties to that action, for the action was dismissed as to Hill, at the opening of the trial thereof. The conclusion on this branch of the case is that the evidence did not prove the lien claims relied upon by the defendants, and the plaintiff is entitled to a new trial, except as to the two defendants Pulver, to whose answers setting up their liens there was no reply. The court having found in their favor because their claims were not put in issue, the defect in the proof was immaterial, and the judgment as to them should be affirmed.

If the answers were defective in not setting up the facts upon which the liens were founded, the plaintiff does not seem to have raised the objection at the trial; and, if the case were to turn on that point, it would not be favored on appeal. But our decision rests on other grounds.

The judgment will be affirmed as to the defendants Edward F. and Martin M. Pulver, and reversed as to the other defendants.

(Opinion published 52 N. W. Rep. 1127.)