MARY E. SAXE v. CHARLES O. RICE.[1]

February 7, 1896.

Nos. 9790—(307).

**Mortgage Foreclosure—Waiver of Irregularities by Mortgagor.**

Where a mortgagor is in position to waive an irregularity in foreclosure proceedings under a power of sale, and to confirm and validate a sale of the mortgaged premises to the mortgagee for the full amount of the debt, with interest and all costs,—there being no other person except the mortgagor who could at any time question the regularity of the sale,—and the

[1] Reported in 66 N. W. 268.

mortgagor has, within a reasonable time, caused a deed to be tendered conveying perfect title to the mortgagee, the latter cannot insist upon the invalidity in the foreclosure proceedings, repudiate the sale, and maintain an action to recover upon the mortgage note.

Appeal by plaintiff from a judgment of the district court for Ramsey county, in favor of defendant, entered in pursuance of the findings and order of Otis, J. Affirmed.

*Stiles W. Burr*, for appellant.

*John B. & E. P. Sanborn*, for respondent.

COLLINS, J. In August, 1890, plaintiff held defendant's note for $2,000, secured by a mortgage upon three vacant city lots, which mortgage was by its terms made a specific lien, for $700, each, on two lots, and for $600 on the other. In effect, it was a separate mortgage on each lot. Child v. Morgan, 51 Minn. 116, 52 N. W. 1127, and cases cited. In November, 1893, plaintiff mortgagee commenced foreclosure proceedings under the power, but the published notice was defective, in that it stated the amount claimed to be due, and for which the sale would be made, in gross, there being no specification of the amount claimed as due on each lot, and nothing to suggest that they would not be sold as one parcel for the entire debt, except as it might be inferred, from the description, that they did not join. A sale was had January 9, 1894, and the lots were struck off to plaintiff, in separate parcels, for a sum sufficient to cover the debt and costs of foreclosure. A sheriff's certificate was duly executed and recorded. The mortgagor had previously made an assignment for the benefit of his creditors, and his interest in this property constituted a portion of the assigned estate. By order of the court, and, in terms, subject to the conditions of the mortgage, these lots were duly sold and conveyed by the assignee to one A. T. Rice, in February, 1894. No redemption was made from the sale.

About two months after the expiration of the year of redemption, plaintiff brought this action upon the note, and insists that she has a right to treat the foreclosure as void, and to recover as if it had never been made, because of the defect before mentioned in the notice of sale. Both the mortgagor and the purchaser at the assignee's sale had acquiesced in the foreclosure, in

the sense that they had not questioned its validity, and, immediately upon the commencement of this action, they tendered to plaintiff a deed which conveyed all of their interest, and the interest of each, in the property, to her, thus formally acquiescing in and ratifying the foreclosure sale. The deed was also tendered upon the trial, and was then filed with the clerk of the district court. This deed, it seems to be conceded, gave plaintiff a perfect title to the property; and in this connection we call attention to what appears to be admitted, that the case is not complicated by any question as to the rights of parties who might have been in position to redeem from the foreclosure sale, or to take advantage of the defect as incumbrancers or judgment creditors.

It is a case where the mortgagor was in condition, when this action was brought, to ratify the irregular foreclosure, and to validate it, and to thus confer upon the mortgagee who purchased at the sale, and continued to hold the interest then acquired, an unquestionable title to the property. It is a case where no one but the mortgagor and the purchaser at the sale made by the assignee had the right to, or could, take advantage of a defective foreclosure, and both of these persons were residents of the county in which the property was situated and the foreclosure had. And it is a case where the mortgage was given, and the defective proceedings in foreclosing had, subsequent to the act of 1883,—G. S. 1894, § 6054. As to the effect of this act in a case of this kind, see Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767, and Bitzer v. Campbell, 47 Minn. 221, 49 N. W. 691. From the time of the sale, the only parties to be feared by the mortgagee purchaser were those who now insist upon being permitted to ratify all that has been done, to cure and validate an invalidity for which plaintiff was alone responsible, and upon which her right of action on the note is made to stand. Upon the precise facts now before us, we think the case easily distinguishable from any of those cited by counsel for appellant, nor has it been claimed that any of them are directly in point, while it is obvious that the case of Blake v. McKusick, 8 Minn. 298 (338), again reported in 10 Minn. 195 (251), is authority for the position now taken that the court below was right when it held that the irregularity in the sale could be ratified and validated by those who alone could question it, and that the tender of

a deed conveying a perfect title operated as a bar to plaintiff's right to recover upon the note. "This was all that the plaintiff could, in reason, ask: The courts will not tolerate anything that savors of speculating upon errors of a party's own commission."

Judgment affirmed.