## CARL RISCH v. RASMUS JENSEN.[1]

May 6, 1904.

Nos. 13,831—(125).

**Curative Acts.**

As applied to a person not the owner of the record title or in possession of the premises in question at the time of the passage of chapter 112, p. 155, Laws 1883, and chapter 31, p. 82, Laws 1889, being sections 6054 and 6055, respectively, of the General Statutes of 1894, said acts, construed together, operate to cure a defect in the foreclosure of a real estate mortgage by advertisement after the lapse of time therein specified, and bar him from questioning the validity of the sale.

**Mortgage.**

A mortgage duly executed, purporting to convey a full section of land, transfers an intergral fraction thereof owned by the grantor.

**Error in Description.**

A conveyance describing land by governmental subdivisions in the proper township and range is sufficient, notwithstanding the fact that it was further designated as situated in the wrong county.

Action of ejectment in the district court for Watonwan county. The case was tried before Lorin Cray, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*W. S. Hammond, J. W. Seager* and *Jean A. Flittie,* for appellant.

*S. H. Hudson,* for respondent.

DOUGLAS, J.

This is an action of ejectment, brought by respondent to recover possession of the southeast quarter of the southeast quarter of section 34, township 106, range 31, now situated in Watonwan county. Appellant, in his answer, alleges ownership acquired under and by virtue of a warranty deed executed by one Frank Fowler in 1887, and that he immediately went into possession of said premises, and has since paid taxes thereon, and made divers improvements in good faith, without knowledge of the pretended rights of the respondent. By proof offered

[1] Reported in 99 N. W. 628.

upon the trial under proper allegations contained in the answer, he brought himself within the terms of section 5849 and 5850 of the General Statutes of 1894, providing for reimbursement for taxes paid and improvements made in good faith under color of title upon the premises in question. It appears, however, from the evidence, that he did not enter into possession thereof until shortly prior to 1899. The court so found, and made certain other findings as to the value of the land, amount of taxes paid, and value of improvements, etc., which, for the purposes of the inquiry here presented, are not material. The court also found that the plaintiff, who is respondent here, was the owner of said land, and entitled to the possession thereof by virtue of certain mesne conveyances, mortgages, and foreclosures. From the findings and order of the court directing judgment as above, defendant appeals.

All the evidence offered upon the trial was preserved in the record, from which it appears that the respondent in the year 1868 became, and now is, the owner of the legal title to an undivided one-half of said premises, as the ultimate grantee of the government. It also appears that on June 5, 1860, at a mortgage foreclosure sale by advertisement, he purchased the other undivided one-half interest in said lands. The mortgage so foreclosed contained the usual forms of warranty, and the mortgagor subsequently obtained the legal title to said premises, which in turn inured to the benefit of such purchaser. The ownership of the premises by respondent under the foreclosure is challenged upon the ground, among others, that the property was erroneously described in the mortgage, in this: That it was designated as section 34, instead of a definite integral fraction thereof; also that, while it was correctly described by governmental subdivisions, another clause therein set forth that it was in the wrong county. Such objections are not, in our judgment, well taken. Kiefer v. Rogers, 19 Minn. 14 (32).

A further inspection of the record is convincing that the foreclosure was defective in one particular, to wit, six full weeks of publication of the notice required by statute were not given. The first publication thereof took place on April 28, and the last publication on June 2, 1860 —three days, instead of one full week, before the date of such sale.

Forty years having elapsed since the foreclosure without action by the parties interested to adjudge the sale invalid, it not appearing that appellant has at any time been under disability, we are of the opinion

that chapter 112, p. 155, Laws 1883, and chapter 31, p. 82, Laws 1889, being sections 6054 and 6055, respectively, of the General Statutes of 1894, apply and operate to cure the defect referred to, and bar appellant from questioning the validity of such sale. Russell v. H. C. Akeley Lumber Co., 45 Minn. 376, 48 N. W. 3; Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767.

The distinguishing features between the cases cited and the case at bar are: that in Russell v. H. C. Akeley Lumber Co. the act was held valid, and a bar to recovery in ejectment, as applied to an action brought by the grantees of the mortgagor in which it appeared the purchaser at the mortgage sale had gone into possession under the sale. And in Marcotte v. Hartman it was held that knowledge of the fact that a mortgage had been foreclosed under a power was sufficient to put the mortgagor upon inquiry as to the regularity of the proceedings in execution of the power; while the question here presented involves the application of the statute as against a stranger to the record title.

We see no distinction in principle growing out of the different relations of the parties. Appellant, who, years after the passage of the acts referred to, acquired a possessory interest, barely, in the property, is charged with notice of their provisions. The rule established in Baker v. Kelley, 11 Minn. 358 (480), is not applicable here, in this: That the issue does not involve an inquiry affecting vested rights of appellant in the property. Indeed, such an issue cannot arise, as he was not in possession of the premises at the time of the passage of either act, and does not claim the acquisition of any interest therein until subsequent to the passage of the former.

It therefore follows, in our judgment, that the trial court did not err in deciding that the respondent is the owner in fee simple, and entitled to the possession of the land described.

Order affirmed.