## EDDY LINDQUIST AND OTHERS v. OLE H. AGRE AND OTHERS.[1]

February 16, 1923.

No. 23,270.

**Attack on foreclosure sale after 5 years barred, when.**

1. To an attack upon a mortgage foreclosure on the ground that the land was occupied and no notice was served on the occupant, section 8143, G. S. 1913, is a good defense, where it appears that the purchaser at the sale took possession after the year for redemption expired and the defendants who succeeded to the title of such purchaser are now in possession, and more than 5 years have elapsed since the date of the sale.

**Statute not waived by defendants' prayer they be adjudged owners.**

2. In such a situation defendants do not waive the bar of the statute nor is the court required to determine the validity of the foreclosure on the merits by the defendants' assertion of title and request to have them adjudged owners of the premises.

Action in the district court for Chippewa county to set aside a foreclosure sale and to recover $10,000 damages. The case was tried before Daly, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff guardian ad litem appealed. Affirmed.

*David F. Nordstrom, C. A. Fosnes* and *John C. Huave,* for appellant.

*M. C. O'Donnell, Harold Baker* and *J. A. Haugland,* for respondents.

HOLT, J.

Action to set aside the foreclosure of a mortgage on a quarter section of land in Chippewa county, and to have plaintiffs adjudged the owners of the land, except to an undivided 1/3 in 80 acres thereof. The answer asserted the validity of the foreclosure, and averred

[1]Reported in 191 N. W. 1010.

that two of the defendants acquired the title from one who succeeded to the rights of the purchaser at the foreclosure sale, and pleaded in bar, to plaintiffs' assault on the foreclosure, section 8143, G. S. 1913, the 5-year limitation or curative statute.

The facts are these: In 1905 John Lindquist, the owner of land, mortgaged it to secure the payment of $1,750. His wife joined therein. The land was occupied as a homestead and farmed. In 1908 the wife left and went with the children to live with her father. The husband remained on the farm and continued to cultivate it. About that time the mortgagee assigned the mortgage to Elias M. Lindquist, the fater of John. On November 26, 1909, Elias started foreclosure proceedings by advertisement, and at the sale, held January 31, 1910, the land was bid in by Julius H. Hanson for $1,215.05. A certificate of sale was duly issued by the sheriff to the purchaser, and the sheriff also duly made and filed with the foreclosure proceedings an affidavit that the land had been vacant and unoccupied for more than four weeks prior to the date of sale. There was no redemption. It further appears that, shortly prior to December 15, 1909, John Lindquist left the farm and removed all domestic animals therefrom, but his furniture remained in the house. He ostensibly departed for Minneapolis or St. Paul. In March, 1910, he returned, sowed and harvested the crop that season. But in the spring of 1911 the purchaser at the foreclosure sale took possession by a tenant who cultivated and cropped the farm. Such purchaser thereafter conveyed the same to Elias M. Lindquist, who let it to the same tenant for the cropping seasons of 1912 and 1913. In the early part of 1914 John Lindquist and his wife were reconciled, and they were permitted by Elias M. Lindquist to enter upon and operate the farm under an agreement that John would pay the taxes thereon and make needed improvements. The family continued to reside upon and cultivate the land under this arrangement until the death of John Lindquist in 1918. For the year 1919 Elias M. Lindquist let the same to the widow of John for $400 cash rent. In 1920 she was ejected in an action brought in the district court of Chippewa county by Elias. Subsequently, he, Elias, sold and conveyed the farm to the defendants G. S. Lindquist and Jacob K. Nellermoe,

who now are in possession. The plaintiffs herein are the children of John Lindquist, and their sole ground for attack upon the foreclosure is that the farm was occupied by their father during the four weeks prior to the foreclosure sale, hence the sale was ineffective for failure to serve him with notice. Findings of fact and conclusions of law were made ordering judgment for defendants. Plaintiffs appeal from the judgment entered.

We do not reach the proposition whether this land was occupied or not when the foreclosure was in progress, for we are of the opinion that defendants' plea is sustained in that plaintiffs cannot now question the foreclosure because by section 8143, G. S. 1913, the time for so doing is past. It reads: "No such sale shall be held invalid or be set aside by reason of any defect in the notice thereof, or in the publication or service of such notice, or in the proceedings of the officer making the sale, unless the action in which the validity of such sale is called in question be commenced, or the defense alleging its invalidity be interposed, with reasonable diligence, and not later than five years after the date of such sale." This statute, in essentially the same form, has existed since 1883 (Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997), and has been held a cure for defects in foreclosures whenever invoked by one in possession as purchaser at the sale, or as successor in interest to him. Russell v. H. C. Akeley Lumber Co. 45 Minn. 376, 48 N. W. 3; Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Bitzer v. Campbell, 47 Minn. 221, 49 N. W. 691; Johnson v. Peterson, 90 Minn. 503, 97 N. W. 384; Risch v. Jensen, 92 Minn. 107, 99 N. W. 628.

The 5-year limitation expired prior to John Lindquist's death. If he was barred by this statute from attacking this foreclosure for the alleged defect when he died, it follows that his children derived no title through him and stand in no better position than he to question the proceeding, were he living. It is clear that John Lindquist knew of and acquiesced in the foreclosure. When the year of redemption expired, he suffered the purchaser at the sale to take possession by a tenant. He laid no claim to possession or to any right in the land for three cropping seasons, and then came into possession under some agreement with his father, who, in the meantime, had

acquired the title of the purchaser at the sale. John Lindquist, after his surrender of possession at the expiration of the year of redemption, was never in a position to claim that he held possession as against or adversely to his father. Under the facts mentioned, and also found by the court, John Lindquist's right to question this foreclosure could be found barred even before the lapse of 5 years, Marcotte v. Hartman, supra.

The facts found are quite similar to those turning the decision in favor of the party claiming under the foreclosure in Bitzer v. Campbell, supra.

Plaintiffs cite London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, 777, to the proposition that where a defendant does not rest on the plea of the statute of limitations as a bar, but alleges title in himself by virtue of the tax deed to the attack of which he interposed the bar of the statute, the validity of that deed must be determined. And the argument is here made that, since defendants were not content with invoking the bar of the statute as a defense, but asked to have their title derived through this foreclosure declared good, the court must determine the validity of the foreclosure on its merits, and the pleaded bar is waived. It is to be noted that the case cited involved a tax title to vacant and unoccupied land. In tax title cases the limitation statute is held not to begin to run unless there is a valid judgment upon which a title may be based, Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558, and the cases there cited. Not so in respect to the title derived from a mortgagor through a defective mortgage foreclosure. In Kipp v. Johnson, 31 Minn. 360, 17 N. W. 957, cited by plaintiffs, a distinction is drawn and reference made to Baker v. Kelley, 11 Minn. 358 (480), and from Cooley, Const. Lim. 365 is quoted:

"When the period prescribed by statute has once run, so as to cut off the remedy which one might have had for the recovery of property in the possession of another, the title of the property, irrespective of the original right, is regarded in the law as vested in the possessor, who is entitled to the same protection in respect to it which the owner is entitled to in other cases."

Mortgage foreclosures do not originate a title. They are the means of transferring the title of the mortgagor. He may by conduct estop himself from questioning the foreclosure. Merchant v. Woods, 27 Minn. 396, 7 N. W. 826; Bausman v. Faue, 45 Minn. 412, 48 N. W. 13; Bausman v. Eads, 46 Minn. 148, 48 N. W. 769, 24 Am. St. 201. Here Elias M. Lindquist, the grantee of the purchaser at the sale, was in possession, so that the mortgagor could not claim to the contrary, when the bar of the statute had run. His title then became free from the attack now made by plaintiffs, and defendants, the grantees of Elias, are entitled not only to plead the statute in bar to the attack on the foreclosure, but also to avail themselves of that foreclosure as having transferred the title of John Lindquist to them.

Judgment affirmed.