## BERNADINE J. BJORNSTAD v. PENN MUTUAL LIFE INSURANCE COMPANY.[1]

February 4, 1938.

No. 31,537.

[1]Reported in 277 N. W. 521.

*Herbert T. Park* and *George C. Rogers,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

HILTON, JUSTICE.

July 22, 1926, plaintiff, the then owner of three lots in the city of St. Paul, mortgaged them to one W. A. Warren. September 2, 1926, the latter assigned the mortgage to the defendant. Both the mortgage and assignment were recorded. April 1, 1931, defendant began foreclosure proceedings by advertisement under the power of sale contained in the mortgage, and at the sale bid in the property for the full amount claimed due on the mortgage. Plaintiff had notice of the foreclosure proceedings and the sale. The certificate of sale was recorded June 25, 1931.

In June, 1932, defendant took possession of the premises without objection from plaintiff and thereafter paid the taxes thereon and assumed all other incidents of possession. In April, 1935, it agreed to sell the premises to a third party, the contract for deed requiring defendant to deliver good title on payment of the contract price. Possession was given to the purchaser.

Except for one defect, the foreclosure proceedings were regular in every respect. This defect was in the notice of sale, in which the mortgagee was erroneously named as "W. A. Warren Company, a corporation," instead of just "W. A. Warren." It appears that plaintiff, through her husband, first learned of this defect in August, 1935, and she commenced this action October 3, 1935, seeking to set aside the foreclosure and sale. Two additional causes of action alleged in the complaint have been abandoned. The action

was tried to the court without a jury and resulted in findings and conclusions of law in favor of defendant. This appeal is from the judgment entered pursuant thereto.

Plaintiff's right to relief is based on 2 Mason Minn. St. 1927, § 9623, the pertinent provision of which, referring to sales under a power of sale contained in the mortgage, is as follows:

"No such sale shall be held invalid or be set aside by reason of any defect in the notice thereof, * * * unless the action in which the validity of such sale is called in question be commenced, or the defence alleging the invalidity be interposed, with reasonable diligence, and not later than five years after the date of such sale."

The trial court found that plaintiff did not comply with the requirement of reasonable diligence in the commencement of this action, and also that she had ratified the sale, and thus could not thereafter question the same. It is these two findings which are the subject of attack on this appeal.

Defendant frankly concedes that the error in the notice of sale was a statutory defect rendering the foreclosure and sale voidable. The defect in question is clearly one of those specified in § 9623, and the defendant, the purchaser at the sale, having gone into possession, may take advantage of the limitation provisions therein imposed. If an action of this nature is not brought within the required time, the statute operates to cure the specified defects and validate the defective sale. Lindquist v. Agre, 155 Minn. 20, 191 N. W. 1010.

It is not enough that plaintiff commenced this action within the five-year limitation period unless the requirement of reasonable diligence has also been complied with. A case very similar on its facts is Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767, 768, wherein the notice of sale did not correctly name the mortgagor, and the action to void the sale was not commenced for nearly five years from the date thereof. It was held that notice of the foreclosure was sufficient to put the mortgagor on inquiry. The following language in that opinion is of controlling application here [46 Minn. 204]:

"The sale was not absolutely void, but was voidable, if the action to set it aside was brought with reasonable diligence. The mortgagor was chargeable with notice of the statute, and had early notice of the foreclosure. We may presume that he had at all times the means of knowledge whether the power had been properly executed by a sale pursuant to a strictly legal notice. *There was presumptively upon this record sufficient to put a reasonable man upon inquiry, and such inquiry became a duty if he had any desire to take advantage of this statute.*" (Italics supplied.)

This is sufficient answer to the emphasis plaintiff in the instant case places on the fact that she did not learn of the defect in the notice of sale until immediately before she commenced this action. She had notice of the foreclosure and sale prior to the time the latter was held, and this was sufficient to put her on inquiry as to the regularity of the proceedings. She was required to act promptly, but for over four years from the time she received notice of the foreclosure she took no affirmative action to investigate the validity and regularity of the proceedings. No explanation or excuse for the delay has been offered. Plaintiff is chargeable with the knowledge she would have acquired had she made the necessary inquiry. The situation is the same as if she had failed to commence proceedings to take advantage of the defect for a similar period of time after receiving actual notice thereof. Rights of the third party who purchased from the defendant have now intervened. Under the circumstances, it is clear that the trial court did not err in concluding that she had failed to comply with the requirement of reasonable diligence.

In view of our conclusion, it becomes unnecessary to discuss the question of ratification. The many cases cited by plaintiff are not in point and require no comment, other than to state that they did not involve defects specified in § 9623.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.