## Edwin S. Jones *vs.* Samuel N. Ewing.

### August 24, 1875.

**Pleading—Title under Statutory Foreclosure.**—In setting up a title acquired at a sale under a statutory foreclosure of a real estate mortgage, it is not necessary, in addition to the other essential facts showing a right to give the requisite notice and make the foreclosure, that the pleading contain an averment that "no action or proceeding has been instituted at law to recover the debt secured by the mortgage, or any part thereof," etc. This is negative matter, not necessary to be proved in the first instance to establish a *prima facie* valid foreclosure, but more properly comes from the other side as matter in defence.

Defendant mortgaged certain real estate to plaintiff. The mortgage contained the usual power of sale, and, upon default in payment, was foreclosed by advertisement, the plaintiff becoming the purchaser. After the expiration of the year of redemption plaintiff brought this action for unlawful detainer, under Gen. St. ch. 84, to recover pos-

session of the premises so mortgaged and sold to him. The justice rendered judgment for plaintiff, from which defendant appealed. The appeal was heard in the district court for Hennepin county, *Vanderburgh*, J., presiding, and judgment rendered for defendant on the pleadings, from which the plaintiff appeals. The objection to the complaint is that in setting out plaintiff's title it fails to state that no action had been brought, before the foreclosure, to recover the mortgage debt, etc.

*Beebe & Shaw* and *Chas. H. Woods*, for appellant.

*D. A. Secombe*, for respondent.

CORNELL, J. To entitle any party to give notice of the foreclosure of a real estate mortgage by advertisement, and to make such foreclosure, the statute declares that "it is requisite," among other things, "that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof; or, if the action or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part." Gen. St. ch. 81, § 2.

In setting up a title acquired under such foreclosure, is it necessary, in addition to the other essential facts showing a right to give the notice and make the foreclosure, that the pleading contain an averment that no action or proceeding has been instituted at law to recover the debt secured by the mortgage, or any part thereof; or, if instituted, that the same has been discontinued; or, that an execution, etc., has been returned unsatisfied, in whole or in part? This is a question of pleading, and must be determined by the rules of pleading. If a complaint contain a distinct statement of all the facts which, upon a general denial, the plaintiff will be bound to prove, in the first instance, to protect himself from a nonsuit, and to show himself entitled to a judgment, it is a good pleading. It is sufficient if it shows a *prima facie* right in the plaintiff to recover, and it

is not necessary that it should negative a possible defence, (Moak's Van Santvoord, 163; *Doughty* v. *Devlin*, 1 E. D. Smith, 625, 631,) or state matter which would come more properly from the other side. Stephen Pl. 350. These are general and elementary rules of pleading, applicable as well under the code as under the former practice. The only difficulty arises in their application to particular cases.

The right of foreclosure by advertisement rests upon the power of sale contained in the mortgage, the proper record thereof, and of its assignments, if any, and the further fact that such power has become operative by reason of some default. An action or proceeding instituted at law to recover the mortgage debt has the effect of suspending, for the time, the exercise of the right; but its non-existence can hardly be said to give or create the right. The mortgagee or his assignee, in whom, at the time, is vested the power of sale, is the proper party, and the only one legally competent, to exercise the right by an execution of the power; and when nothing is suggested upon the record going to show its suspension by reason of a suit commenced, or the existence of some disability preventing the party from acting, it must be presumed that he acted rightfully. If any such fact is claimed to exist, it is matter more properly coming from the other side, and should be set up in the answer.

Judgment reversed.