Francis Martin *vs.* Caroline L. Baldwin, impleaded, etc.

July 5, 1883.

**Foreclosure by Advertisement—Defective Notice.**— A notice of foreclosure sale which does not state when the mortgage was recorded, though it states in what office, book, and page, is insufficient.

**Interest of Trustee in Land bought with His Own and Trust Funds.** A trustee who, without the knowledge of his *cestui que trust*, purchases real estate, taking the title in his own name, and pays part of the consideration with trust funds in his hands, and gives his own note and mortgage for the remainder, has an interest in the real estate upon which a judgment against him will become a lien.

**Purchaser for Value—Redeeming Creditor.**—A lien creditor, redeeming from a mortgage sale, is a purchaser for a valuable consideration, so as to be protected from a resulting trust of which he had no notice.

Appeal by defendant Caroline L. Baldwin, from a judgment of the district court for Hennepin county, where the action was tried by *Shaw*, J., without a jury.

*Seagrave Smith,* for appellant.

*Robinson & Bartleson,* for respondent.

GILFILLAN, C. J. The action is under the statute to determine adverse claims to real estate. The only controversy here is between plaintiff and the defendant Caroline L. Baldwin. So far as affects their adverse claims, the facts are: July 10, 1874, one Bell owned the real estate, and on that day conveyed it to Rufus J. Baldwin, husband of Caroline L., for the consideration of $4,400. Of this, $1,466.67 was paid by a credit of that amount upon the price of real estate about the same time conveyed by said Rufus J. to Bell, and the remainder of said $4,400 was secured by a mortgage executed by Rufus J. to Bell, upon the land so conveyed to Rufus J. The land so conveyed by Rufus J. to Bell was bought by the former with money which he held as trustee of said Caroline L., he taking the title to the land in his own name, without her actual knowledge. October 5, 1874, Bell assigned the mortgage to Bovey, and the assignment was duly recorded October 30, 1874. June 20, 1879, Bovey attempted to foreclose the mortgage under the power of sale contained in it, and at the sale became the purchaser. The defects alleged against this attempt to foreclose are in the notice of sale; that it did not state when the mortgage was recorded, but, instead, contained this clause: "When and where recorded: In the office of the register of deeds of Hennepin county, in the state of Minnesota, in Book 30 of Mortgages, on page 152;" and that it was not signed by the mortgagee or assignee, but by the attorney for the assignee, as follows: "Geo. H. Spry, Attorney for said Assignee." March 22, 1881, Bovey, being advised that his foreclosure was defective, proceeded again to foreclose. The sale was had May 14, 1881, and he became the purchaser. Assuming the former attempt to foreclose to have been ineffectual, the second was in all respects regular. April 22, 1878, one Rafter recovered judgment in the district court against Rufus J. Baldwin for $2,254.57, which was on the same day duly docketed in the county of Hennepin, where the real estate is situated. On March 8, 1882, E. C. Whitney, by assignments duly executed and filed in the office of the clerk of the district court, became the owner of this judgment. May 13, 1882, he duly filed notice of his intention to redeem

from the second foreclosure, and, no redemption having been made by the mortgagor, or any one holding his right, Whitney, in proper time, duly redeemed from the second foreclosure sale, and received and had recorded the proper certificate thereof. Afterwards, and on May 24, 1882, he conveyed to plaintiff. July 30, 1881, Bovey conveyed to Caroline L. Baldwin.

The first point made by defendant against Whitney's redemption is that the first foreclosure exhausted the power of sale, so that the second foreclosure, from which he redeemed, was void. But the first foreclosure was void by reason of the notice of sale not stating the time when the mortgage was recorded. In foreclosing under the power of sale, what the statute requires must be substantially complied with. The statute requires the notice to specify "* * * the date of the mortgage and *when* recorded." Gen. St. 1878, *c.* 81, § 6. The purpose of this requirement is manifest. It is that persons interested in the property may have notice whether their interests are to be affected by the foreclosure, so that they may take action accordingly. The notice must contain this information. It is not enough that, by reference to the book and page where recorded, it furnishes the means of ascertaining. The statute does not make that an equivalent to the information it requires the notice to give. All of the cases cited by the defendant go on the theory that the notice must in all essential particulars conform to the statute. In the case of *Menard* v. *Crowe*, 20 Minn. 402, (448,) a time of sale, and in *Golcher* v. *Brisbin*, Id. 407, (453,) a place of sale, was specified in the notice, and the only question in each case was whether it was stated with sufficient definiteness; but in both it was assumed that the notice would not have been good, had it omitted to specify a time or place. That the notice was subscribed as it was, does not, we think, affect its sufficiency.

The second point of defendant is that, under the circumstances of the purchase of the property by Rufus J. Baldwin, there was a resulting trust in it in favor of defendant, and that, therefore, Rufus J. Baldwin had no interest in the land upon which a judgment against him could be a lien, and consequently no right of redemption could exist on such a judgment.

It is not clear that there was any resulting trust in favor of Caroline L. But if there was, there are two reasons why the proposition of defendant is not well founded: *First*. That the resulting trust did not extend to the entire interest in the land, but only to the proportion represented by that which her money put into the purchase bore to the entire consideration, the remaining interest being in Rufus J. 1 Perry on Trusts, § 128. A judgment against him would be a lien to the extent of his interest, and give the right of redemption. *Second*. Under Gen. St. 1878, c. 43, § 10, "no implied or resulting trust shall be alleged or established to defeat or prejudice the title of a purchaser for a valuable consideration, and without notice of such trust." The finding of the court below is, in effect, that the person redeeming and the plaintiff were without notice of the trust.

The only question remaining is, was the plaintiff, or Whitney, from whom he claims, a purchaser for a valuable consideration? Irrespective of the statute giving a docketed judgment precedence over an unrecorded deed, a mere judgment creditor is not, as such, a purchaser for a valuable consideration. *Jackson* v. *Dubois*, 4 John. 216. But a purchaser paying his money on a sale under execution upon the judgment is. *Jackson* v. *Chamberlain*, 8 Wend. 620. A redemptioner paying his money upon a redemption from such a sale must stand in as good a position. He is, in effect, a purchaser under the execution sale, and must be deemed a purchaser for a valuable consideration. The legal title of the judgment under which Whitney redeemed, and consequently the legal right to redeem, was in him. That he had an arrangement with plaintiff by which the latter was to have the benefit of the redemption which the plaintiff could have only through a subsequent conveyance from Whitney, was a matter that does not concern the defendant. It did not affect the legal right to redeem.

Judgment affirmed.