LYDIA R. RICHARDS *vs.* ANDREW J. FINNEGAN and others.

January 12, 1891.

**Foreclosure by Advertisement—Sale before Hour Named in Notice.**
When a notice of foreclosure sale under the power in a mortgage states the hour of sale at 11 o'clock, a sale at 15 minutes before 11 is void.

**Same—Mortgagor not Estopped by Certificate.**—The certificate of sale stating that the sale was had at the time stated in the notice, and also at another time, the record of it is no basis to estop the mortgagor from showing the actual time of sale.

Action brought in the district court for Hennepin county, to determine the defendants' adverse claims to unoccupied land in that county. At the trial, before *Hicks, J.,* it was admitted that the land was formerly owned by one Abbott, through whom both parties claimed title, the plaintiff under deeds made in 1887, and the defendants under a foreclosure sale, made December 9, 1885, on a mortgage made by Abbott on October 9, 1882, and a redemption from such sale made by defendant Andrew J. Finnegan, as a judgment creditor of the mortgagor. The court held the sale void and ordered judgment for plaintiff. The defendants appeal from an order refusing a new trial.

*A. D. Smith,* for appellants.

*Thomas Canty,* for respondent.

GILFILLAN, C. J. Plaintiff is the owner of the property in controversy, unless the title of her grantors was divested by the mortgage executed by Abbott, the former owner, and the proceedings to foreclose it. The attempt to foreclose was under the power of sale. The published notice of sale stated that the sale would be made on the 9th day of December, 1885, at 11 o'clock in the forenoon. The sale was made, as found by the court below, (and the evidence was sufficient to sustain that finding,) on that day, between 10 : 30 and 10 : 45 o'clock in the forenoon, and not later. The statute regulating such foreclosures requires the notice to state the time and place of sale. Gen. St. 1878, c. 81, § 6. The requirements of the statute

must be substantially complied with. So a foreclosure, where the notice did not state *when* the mortgage was recorded, (though it stated the office, book, and page where,) as the statute requires, was held void. *Martin* v. *Baldwin,* 30 Minn. 537, (16 N. W. Rep. 449.) The statute intends that the sale, unless properly postponed, shall take place at the time specified. Otherwise the requirement would be an idle one, worse than an idle one, for the notice might be a means of misleading. The case of *Menard* v. *Crowe,* 20 Minn. 402, (448,) cited by appellant as analogous to this, was one where the notice stated a time of sale, to wit, the day, but not the hour, and the court held it at most an irregularity that did not render the sale void, for the reason that, in view of the statute requiring such sale to take place between the hour of 9 o'clock in the forenoon and the setting of the sun, it was equivalent to a notice that the sale would take place on the day named, between those times. But there is nothing in that case warranting omitting a time of sale from the notice, nor stating in it one time, and making the sale at another. In *McGovern* v. *Union Mut. Life Ins. Co.,* 109 Ill. 151, the notice stated the hour of 11 as the time for the sale, and the sale was made about a quarter before 12, and it was held good, on the ground that the hour of 11 continues till the hour of 12. But that case would not justify making a sale before the hour advertised. We regard it as imperative that the notice shall state a time of sale, and just as imperative that the sale shall not be made before that time arrives. We do not mean that making the sale a few minutes before, or few minutes after, the absolutely correct time would necessarily render the sale void. Reasonably accurate time-pieces vary a few minutes in the time, and a sale in which there should be a departure from the absolutely correct time, by reason of such variance, would probably be good, for persons purposing to attend such a sale may be supposed to take into account the fact that time-pieces practically accurate will vary a few minutes. It is not found that selling before the hour, in this case, was by reason of the ordinary variance in time-pieces. It would be difficult to suppose that anticipating the proper time by from 15 to 30 minutes could be due to that cause.

No estoppel against the mortgagor to preclude his showing that the sale was made before the hour advertised can be based on the facts that the certificate of sale was recorded, and that he took no steps to clear the record of it, for the certificate certainly was such as to put any one on inquiry to ascertain at what hour the sale was made. The certificate states that the sheriff did, at the time and place set and appointed in the notice, sell at 10 o'clock A. M. It really states two different hours, one (11 o'clock) by reference to the notice, and one (10 o'clock) in express terms.

It was not error to refuse to strike out the testimony of Abbott.

Order affirmed.