JENNIE CLIFFORD v. WILLIAM G. TOMLINSON and Another.[1]

| 62 | 195 |
|----|-----|
| 69 | 228 |
| 62 | 195 |
| 82 | 290 |

Oct. 10, 1895.

Nos. 9460—(165).

**Mortgage—Foreclosure by Advertisement—Notice.**

A notice of foreclosure sale, by advertisement, which does not state the true date of the mortgage, is insufficient, and the sale made thereunder is illegal and void.

Action in justice court to recover the possession of lands held by defendants after the foreclosure of a mortgage thereon. From a

[1] Reported in 64 N. W. 381.

judgment in favor of plaintiff defendants appealed upon questions of law and fact to the municipal court of St. Paul. From a judgment of the municipal court in favor of plaintiff, entered in pursuance of the findings and order of Twohy, J., defendants appealed. Reversed.

*S. L. Howell*, for appellants.

In foreclosure by advertisement the parties are held strictly to the statutory requirements. Parret v. Shaubhut, 5 Minn. 258 (323); Ross v. Worthington, 11 Minn. 323 (438); Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889; Thorp v. Merrill, 21 Minn. 336. See, also, Dohm v. Haskin, 88 Mich. 144, 50 N. W. 108; Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78; Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864; Child v. Morgan, 51 Minn. 116, 52 N. W. 1127; Spencer v. Annan, 4 Minn. 426 (542).

*R. A. Walsh*, for respondent.

Errors in the notice of foreclosure which are not misleading and are easily corrected by any one who will inquire are to be disregarded. Byers v. Byers, 65 Mich. 598, 32 N. W. 831; Bacon v. Northwestern M. L. Ins. Co., 131 U. S. 258, 9 Sup. Ct. 787; Schoch v. Birdsall, 48 Minn. 441, 51 N. W. 382. The procedure must be substantially followed, but substantial compliance is enough. Carroll v. Rossiter, 10 Minn. 141 (174); Chamblin v. Schlichter, 12 Minn. 181 (276); Goenen v. Schroeder, 18 Minn. 51 (66); Golcher v. Brisbin, 20 Minn. 407 (453); Merrill v. Nelson, 18 Minn. 335 (366); Wells v. Atkinson, 24 Minn. 161; Smith v. Buse, 35 Minn. 234, 28 N. W. 220; Cooper v. Finke, 38 Minn. 2, 35 N. W. 469; Nelson v. Central Land Co., 35 Minn. 408, 29 N. W. 121; Clossen v. Whitney, 39 Minn. 50, 38 N. W. 759; Burke v. Lacock, 41 Minn. 250, 42 N. W. 1016; Ryder v. Hulett, 44 Minn. 353, 46 N. W. 559; Richards v. Finnegan, 45 Minn. 208, 47 N. W. 788. See G. S. 1894, §§ 6054, 6055; Van Meter v. Knight, 32 Minn. 205, 20 N. W. 142; Sanborn v. Petter, 35 Minn. 449, 29 N. W. 64; Abbott v. Peck, 35 Minn. 499, 29 N. W. 194; Anderson v. Schultz, 37 Minn. 76, 33 N. W. 440; Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333; Hull v. King, 38 Minn. 349, 37 N. W. 792; Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985; Russell v. H. C. Akeley Lumber Co., 45 Minn. 376, 48 N. W. 3; Mar-

cotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402.

BUCK, J.   We do not deem it necessary to consider any question except the one which relates to the erroneous date of the mortgage in the notice of foreclosure by advertisement.   The mortgage contained the usual power of sale, and was dated February 26, 1890; and upon default in the conditions thereof the mortgagee attempted to foreclose the same by advertisement, but in the printed notice of foreclosure he erroneously stated the date of the mortgage as February 24, 1890.   Our statute in regard to foreclosure of mortgages by advertisement provides that every such notice shall specify "the date of the mortgage and when and where recorded."   G. S. 1894, § 6033, subd. 2.   This foreclosure by advertisement is a statutory remedy, and all the essential requisites must be strictly pursued, or the proceedings will be held void.   If the true date can be disregarded, and an erroneous one substituted, even though it be a difference of only two days, then we do not see why an erroneous date where the difference would be much greater might not be substituted.   And if an erroneous subsequent date may be used, why not a prior date?   To hold that a difference of two days in the date renders the foreclosure invalid may seem somewhat technical, but we have no discretion to exercise, as the requirements of the statute are absolute.   The proceeding is one in derogation of common law, and the remedy must be strictly and closely pursued.   It is not a hardship to require of the mortgagee that he make the notice definite and certain, and especially should this be done where proprietary rights are involved.   In Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449, it was held that a notice of foreclosure which does not state when the mortgage was recorded, though it states in what office, book, and page, is insufficient.   In Abbot v. Banfield, 43 N. H. 152, it was held that a mistake in the publication of a notice for the purpose of foreclosing a mortgage, in substituting the word "mortgagee" instead of "mortgagor," is material, because liable to mislead, and such publication does not constitute a legal and requisite notice.

Numerous authorities in our own state, and some elsewhere, are cited to the effect that in foreclosure by advertisement a substantial

compliance with the statutory requirements is all that is necessary. But a statement of the true date in the notice is material,—made so by a mandatory statute,—and therefore its omission is not even a substantial compliance with its requirements. The wrong date cannot be substantially the same as the correct one. Intended purchasers at the sale might be deterred from bidding, upon such an error, and thus the mortgagor be injured, because, in case of a deficiency, he would be liable. The rights of a mortgagor cannot be destroyed in this way, and, while the statute may have been intended for the benefit of both parties, its various provisions tend to enlarge the rights of the mortgagor, and the true date of the mortgage is one of the things absolutely required to be inserted in the notice of foreclosure by advertisement. Such a method of foreclosure is a cheap and simple one, and the insertion of an erroneous date of the mortgage in the notice of foreclosure is inexcusable, and a foreclosure under such circumstances is illegal and void.

Upon the finding of facts by the trial court, the judgment entered therein and appealed from is reversed, and the case is remanded to said court, which court is ordered and directed to enter judgment in favor of the defendants herein.