C. E. PEASLEE v. LURETTA RIDGWAY and Another.[1]

January 23, 1901.

Nos. 12,321—(197).

## Foreclosure of Mortgage—Power of Attorney.

A power of attorney authorizing the foreclosure of a real-estate mortgage, executed and recorded pursuant to Laws 1897, c. 262, which substantially complies with the statute, and describes the mortgage with reasonable certainty, is sufficient.

## Notice of Sale—Place of Record Incorrectly Given.

A notice of foreclosure of mortgage by advertisement, which incorrectly states the page of the record book in which the mortgage to be foreclosed was recorded, is defective, and the foreclosure proceedings conducted thereunder are void.

## Action to Set Foreclosure Aside—Judgment Creditor.

A judgment creditor, holding a legal lien upon the property covered by a mortgage so foreclosed, and so defective and void, may maintain an action to set the foreclosure proceedings aside, without showing the insolvency of the judgment debtor, or that the mortgaged property is of greater value than the mortgage debt.

Action in the district court for St. Louis county by plaintiff, as receiver of Manufacturers Bank of West Duluth, to set aside the foreclosure of a mortgage. The case was tried before Ensign, J., who found in favor of defendant Ridgway. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*Phelps & McManus,* for appellant.

*Austin N. McGindley* and *S. D. Allen,* for respondents.

BROWN, J.[2]

Action to set aside the foreclosure of a real-estate mortgage, in which defendants had judgment in the court below, and plaintiff appeals. The facts are as follows: In March, 1890, defendant Edgar W. Markell, the owner of the premises described in the complaint, for the purpose of securing the payment of the sum of $6,666.60, duly executed a mortgage thereon to one John W. Ridg-

---

[1] Reported in 84 N. W. 1024.          [2] LEWIS, J., took no part.

way, which was subsequently duly recorded in the office of the register of deeds in and for St. Louis county, wherein the said premises are located, on August 29, 1890, in Book 41 of Mortgages, at page 537. The mortgage was thereafter assigned to defendant Ridgway, and the assignment was also duly recorded. On August 27, 1897, plaintiff, as receiver of the Manufacturers Bank of West Duluth, duly recovered a judgment in the district court of said St. Louis county against said Markell for the sum of $3,307.73, and the same was on that day duly docketed in said county, and became a lien upon the premises so mortgaged to said Ridgway, but subject and inferior to the lien of the mortgage. Subsequent to the recovery and docketing of such judgment, and on October 5, 1898, defendant Ridgway foreclosed the mortgage by advertisement, becoming the purchaser at the sale. There was due on the mortgage, at the date of the foreclosure sale, the sum of $3,396.71, and the property is now worth $3,850.

This action is to set aside the foreclosure proceedings as defective and void, and is founded on two alleged defects, viz.: (1) That the power of attorney authorizing the foreclosure, executed and recorded pursuant to Laws 1897, c. 262, is indefinite and insufficient; and (2) that the notice of foreclosure sale is' also defective, and not in compliance with the statutes. The defect complained of and relied upon consists in a misstatement in the power of attorney, and also in the notice of sale, of the page of the record book in which the mortgage was recorded. The mortgage was in fact recorded on page 537 of the book named, but the power of attorney and notice state that it was recorded on page 237. No other defect or irregularity is complained of.

1. The main object intended to be accomplished by the statute requiring the execution and record of a power of attorney authorizing the foreclosure of a mortgage upon real property, as a condition precedent to such foreclosure, is protection to the mortgagor and subsequent lienholders in making redemption. The statute makes no special provisions as to the form and contents of the power of attorney. Any power, therefore, properly executed, whatever its form, which will furnish the protection con-

82 M.—19

templated by the statute, and which described the mortgage with reasonable certainty, is sufficient. An informal defect of the nature of that shown in this case is not fatal to its validity or sufficiency.

2. The same defect in the notice of foreclosure presents an entirely different question. This court has very uniformly held parties to a strict compliance with the statutes in the matter of the foreclosure of mortgages by advertisement. Defects in such proceedings of less consequence than that shown in the case at bar have been held fatal. Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449. In that case the book and page were correctly given in the notice, but the date of record was not stated, and it was held fatal to the foreclosure. The question whether such defects are of a prejudicial character is not considered important. The court has adopted the rule that the statutes must be strictly pursued, and a clear departure from the terms and requirements of the statutes vitiates the proceedings. The application of the rule is illustrated further in Clifford v. Tomlinson, 62 Minn. 195, 64 N. W. 381; Mason v. Goodnow, 41 Minn. 9, 42 N. W. 482; Richards v. Finnegan, 45 Minn. 208, 47 N. W. 788; and Backus v. Burke, 48 Minn. 260, 51 N. W. 284.

G. S. 1894, § 6033, on the subject of foreclosure by advertisement, provides that the notice of mortgage sale shall specify "the date of the mortgage and when and where recorded." Respondent urges that this refers, with respect to the record of the mortgage, and was intended by the legislature to refer, to the date when and the office where recorded, and not to the book or page wherein recorded. We are unable to concur in this view. Mortgages are required to be recorded in the county in which the mortgaged property is situated, and no mortgage can be foreclosed by advertisement unless so recorded. It would serve no purpose whatever to require the service of notice that the mortgage was recorded in the office of the register of deeds of the county in which the land is located and the foreclosure proceedings are pending. That fact is known to all interested parties, and personally to call their attention to it by the notice of foreclosure would be a meaningless act. The legislature never so in-

tended. The statute must be construed to mean the record book wherein the mortgage is transcribed and recorded; no other reasonable or consistent interpretation can be found. The object of this requirement is to furnish those interested in the foreclosure of the mortgage with definite and specific information as to where the record of the instrument may be found, to the end that it may be examined, and that, upon the face of the proceedings, it may affirmatively appear that the mortgage there described has been foreclosed. Parties are not bound to look further than directed by the notice. The case is clearly within the rule of Martin v. Baldwin, supra, which we follow and apply. It follows that the foreclosure in question is null and void.

3. It is contended by respondent that, conceding the invalidity of the foreclosure, appellant is in no position to maintain an action to set it aside. Counsel for respondents presented this branch of the case on the oral argument with much vigor and earnestness, but failed to note the important distinction between an action in the nature of a creditors' bill to reach equitable assets fraudulently transferred by a debtor and one to remove an obstruction in the way of enforcing a specific lien upon the property sought to be reached. In the former action, the creditor has no lien, and to maintain his action must allege and prove that he has no legal remedy, and that the debtor is insolvent. As a general rule, the best evidence of insolvency in such cases is the return of an execution nulla bona, though it may undoubtedly be shown by other evidence. In the other action no such facts need be shown.

All that is necessary to maintain the action to remove an obstruction, which is the one at bar, is to allege and prove that plaintiff has acquired a legal lien on the property from which the obstruction is sought to be removed. Scanlan v. Murphy, 51 Minn. 536, 53 N. W. 799. With such a lien, which is shown by a properly docketed judgment, the creditor may have a fraudulent transfer of the property on which it exists, such as a fraudulent foreclosure of a prior mortgage for an amount largely in excess of the amount actually due, as in Spooner v. Travelers Ins. Co., 76 Minn. 311, 79 N. W. 305, or a void foreclosure, or other obstruction to

the enforcement of the lien, set aside and removed. Of course, if the alleged obstruction be void on its face, no action will lie to remove it. But where, as in the case at bar, it appears valid and regular upon its face, and its invalidity only appears by evidence dehors the instrument or proceeding constituting the obstruction, an action may be maintained to remove it, and without showing the insolvency of the debtor, or other facts than the legal lien upon the property and the invalidity of the alleged obstruction. Spooner v. Travelers Ins. Co., supra, where the rules on the subject are very clearly discussed.

Swain v. Lynd, 74 Minn. 72, 76 N. W. 958, is a case almost identical with the one at bar. It was there held that a judgment creditor having a valid lien upon property covered by a prior mortgage may maintain an action to set aside a defective and void foreclosure of the mortgage, and without showing that the property in worth more than the mortgage debt. The court, at page 76, said:

"Neither was it necessary for the plaintiff to allege that the mortgaged premises were worth more than the amount due on the mortgage. It cannot be held, as a matter of law, that nothing could be realized on a sale of the equity of redemption, even if the amount due on the mortgage was equal to or in excess of the value of the land. The plaintiff ought at least to be allowed to test the matter without being obstructed or trammeled by the record proof of an apparently valid foreclosure, which was in fact invalid."

There is no question in this case but that the foreclosure proceedings complained of are valid on their face; their invalidity is only shown by evidence of the misdescription in the notice of foreclosure. The case comes clearly within the former decisions of this court, and the judgment appealed from must be reversed. As all the facts appear from the findings of the trial court, and as there is no occasion for another trial of the action, the court below will be directed to amend its conclusions of law so as to order judgment for plaintiff as prayed for in the complaint. It is so ordered.

Judgment reversed.