LESTER T. ALDINGER AND OTHERS v. G. N. CLOSE AND ANOTHER.[1]

January 9, 1925.

No. 24,336.

**No foreclosure of mortgage by advertisement while action to recover the debt is pending.**

The pendency of an action to recover the debt secured by a mortgage suspends the right to foreclose it by advertisement. And the pendency of such action during a part of the time the notice of foreclosure sale is being published, even though dismissed before the date of sale, vitiates the foreclosure. It is immaterial that such action is pending in another state.

[1]Reported in 201 N. W. 625.

Action in the district court for Pipestone county to set aside a foreclosure sale and for other relief. The case was tried before Nelson, J., who ordered judgment in favor of defendant Peoples Savings Bank of Des Moines, Iowa. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Charles Dealy* and *George P. Gurley*, for appellants.

*C. T. Howard* and *George E. Brammer*, for respondents.

Holt, J.

The sole question presented by the appeal is the validity of a mortgage foreclosure by advertisement where, before the publication of the notice of sale, an action was pending in another state to recover upon the notes secured by the mortgage, which action was dismissed two weeks before the date of sale.

Section 8107, G. S. 1913, provides: "Every mortgage of real estate heretofore or hereafter executed, containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement within fifteen years after the maturing of said mortgage or the debt secured thereby, in the cases and in the manner hereinafter specified." The next section specifies the cases so far

as here pertinent thus. "To entitle any party to make such fore-closure, it is requisite: 1." * * * "2: That no action or proceed-ing has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or, if the action or proceeding has been instituted, that the same has been discontin-ued, or that an execution upon the judgment therein has been re-turned unsatisfied in whole or in part."

Foreclosure by advertisement is a statutory remedy and all es-sential requisites for its exercise must exist when it is made use of. As to this remedy "the court has adopted the rule that the statutes must be strictly pursued, and a clear departure from the terms and requirements of the statutes vitiates the proceedings." Peaslee v. Ridgway, 82 Minn. 288, 84 N. W. 1024, and cases therein cited. That the pendency of an action to recover the debt secured by the mortgage suspends the right to proceed to foreclose by ad-vertisement was held in Jones v. Ewing, 22 Minn. 157. The pro-vision of the statute quoted does not limit the actions pending to actions in the courts of this state, and, under the rule stated, we are not permitted by construction to so limit the same. Nor does respondent so contend. But his claim is that the Revised Laws of 1905 changed the former statute relating to the pendency of an action to enforce the debt secured by the mortgage so that, if such action be dismissed prior to the day of sale, the foreclosure is au-thorized. We think not. As the law now stands there can be no fair question that the pendency of such an action suspends for the time being the right to take any step towards foreclosing the mort-gage by advertisement. The first publication of the notice is as necessary as the last to the validity of the foreclosure, and hence the right to proceed must exist from the first publication up to the sale. The revision commission did not indicate an intention to change the prerequisite conditions for foreclosure by advertisement. That revision was not intended to change existing laws, "unless we find from the statute itself or its history a clear intention to change it." Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 139 N. W. 300; Miller v. American Bonding Co. 133 Minn. 336, 158 N. W. 432; Salmon v. Central T. & S. Co. 157 Minn. 369, 196 N. W.

468. Before the revision the statute read: "To entitle any party to give a notice, as hereinafter prescribed, and to make such foreclosure it is requisite that no action shall be pending to recover the debt secured by the mortgage. We can find no other meaning in the present statute first above quoted. But, if ambiguity be assumed therein, it is perfectly clear that the history of the statute leads clearly to the construction we adopt. Respondent also contends that the sale is the foreclosure and what takes place before that are only preliminary incidents, so that, if no action is pending on the day of sale, the requisite of the statute in that respect is not wanting. We cannot concur. The requisites called for must exist when the first step is taken in the foreclosure. If not, the right to proceed to do what is necessary for a valid sale is suspended.

The learned trial court erred in holding the mortgagors not entitled to have the foreclosure set aside.

Order reversed.