**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0877**

Randall L. Twait,
Appellant,

vs.

MidFirst Bank,
Respondent.

**Filed January 26, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-13-18426

Jonathan L. R. Drewes, Drewes Law, PLLC, Minneapolis, Minnesota (for appellant)

Kalli L. Ostlie, Shapiro & Zielke, LLP, Burnsville, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Halbrooks, Judge; and Bjorkman, Judge.

**S Y L L A B U S**

For the purposes of Minn. Stat. § 580.02 (2012) (providing that any assignments of a mortgage must be recorded before foreclosure by advertisement may begin), foreclosure begins with the first publication of the notice of sale.

**O P I N I O N**

**CONNOLLY**, Judge

Appellant, a mortgagor of property, brought this action against respondent, the mortgagee, for a declaration that the sheriff's sale of the property was null and void because foreclosure proceedings were begun before the final assignment of the mortgage had been recorded. The district court granted respondent's motion for summary judgment because the final assignment of the mortgage was recorded a week before the first publication of the notice of sale, the event established by Minnesota statutes and caselaw as the commencement of foreclosure proceedings. Appellant challenges the summary judgment. Because both statutory law and caselaw establish the first publication of the notice of sale as the commencement of a foreclosure proceeding, we affirm.

## FACTS

In April 2001, appellant Randall Twait secured a piece of real property in Minneapolis (the property) by executing and delivering to Allied Mortgage Capital Corporation (Allied) a mortgage of $112,730. Allied's interest was assigned to RBMG Inc. (RBMG), and the mortgage and assignment were recorded in June 2001. In January 2002, RBMG assigned the mortgage to Mortgage Electronic Registration Systems Inc. (MERS); that assignment was recorded in February 2002.

In November 2012, MERS assigned the mortgage to respondent MidFirst Bank. Because appellant defaulted on the mortgage payments, respondent on December 3, 2012, mailed appellant a Notice of Mortgage Foreclosure Sale, which stated that a

2

foreclosure sale was scheduled for January 29, 2013. On December 4, 2012, the assignment to respondent was recorded, together with a notice of pendency.

The public was first notified of the sale on December 12, 2012, when the notice of sale was first published. The notice of sale was personally served on appellant on December 21, 2012.

On January 29, 2013, the property was sold at a sheriff's sale, and the certificate of sale to respondent was recorded on February 4, 2013. Appellant's six-month redemption period expired on July 29, 2013; he did not redeem the property. Respondent began an eviction action and was awarded a writ for recovery of the property.

**ISSUE**

Was the final assignment of appellant's mortgage recorded before the commencement of foreclosure proceedings?

**ANALYSIS**

On appeal from a summary judgment, this court reviews de novo "whether a genuine issue of material facts exists" and "whether the district court erred in its application of the law." *STAR Centers, Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn. 2002). "When the district court grants a summary judgment based on its application of statutory language to the undisputed facts of a case, . . . its conclusion is one of law and our review is *de novo*." *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 856 (Minn. 1998).

Appellant argues that neither the first publication of the notice of sale nor any other event is the beginning of a foreclosure and that a foreclosure may begin with any of

3

several events, e.g., scheduling a sheriff's sale, dating and executing the notice of sale, serving any of three required notices on the occupant, executing any document stating that a foreclosure is pending, or recording a notice of pendency. Both Minnesota statutes and caselaw refute this argument.

"[P]roceedings to foreclose a real estate mortgage by advertisement shall be deemed commenced on the date of the first publication of the notice of sale." Minn. Stat. § 541.03, subd. 2 (2012). Every foreclosure by advertisement is "subject to the provisions of [Minn. Stat. §] 541.03." Minn. Stat. § 580.01 (2012). "To entitle any party to make such foreclosure, it is requisite . . . (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded." Minn. Stat. § 580.02. Therefore, the provision of Minn. Stat. § 580.02(3) that all assignments of a mortgage be recorded before foreclosure commences means that all assignments of a mortgage be recorded before the first publication of the notice of sale.

More specifically, appellant's argument that a foreclosure proceeding begins with the recording of the notice of pendency is defeated by Minn. Stat. § 580.032, subd. 3 (2012) (providing that another requisite for foreclosure by advertisement is "record[ing] a notice of the pendency of the foreclosure . . . before the first date of publication of the foreclosure notice."). Thus, recording the notice of pendency cannot itself begin the foreclosure because that recording must occur before the foreclosure is begun by the first publication of the notice of sale. *See* Minn. Stat. § 541.03.

Caselaw also establishes that a foreclosure proceeding begins with the first publication of the notice of sale. *See, e.g.*, *Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829

N.W.2d 53, 58 (Minn. 2013) (concluding that, because the "assignment [of the mortgage] was not recorded until May 18, 2010, the same day as the first publication of the notice of sale, . . . the assignment was not recorded before the beginning of the foreclosure proceeding."); *Adlinger v. Close*, 161 Minn. 404, 405, 201 N.W. 625, 625 (1925) (holding that "the right to proceed [with a foreclosure] must exist from the first publication [of the notice of sale]"). *Ruiz* relied on *Adlinger* for its conclusion, *Ruiz*, 829 N.W.2d at 58, and we have found no caselaw between 1925 and 2013 opposing or questioning the view that first publication of the notice of sale is the commencement of foreclosure proceedings within the meaning of Minn. Stat. § 580.02(3). Finally, to hold otherwise would lead to confusion and uncertainty in real estate foreclosure law, which we must avoid doing.

## D E C I S I O N

Because respondent complied with Minn. Stat. § 580.02(3) by publishing the notice of sale and thereby beginning foreclosure proceedings several days after the assignment of the mortgage was recorded, we affirm.

**Affirmed**.